**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

| | | |
|---|---|---|
| KELLY BROWN, Individually and on behalf of all others similarly situated, as Class/Collective representative, | : | Case No. _____ |
| | : | |
| | : | |
| | : | **COLLECTIVE AND CLASS** |
| Plaintiff, | : | **ACTION COMPLAINT** |
| | : | **AND JURY DEMAND** |
| v. | : | |
| | : | |
| BARNES AND NOBLE, INC., | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------------X

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Kelly Brown, individually and on behalf of all others similarly situated, by her attorneys Shavitz Law Group, P.A., alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who have worked as Café Managers or in comparable roles with different titles ("CMs") for BARNES AND NOBLE, INC. ("BN" or "Defendant") anywhere in the United States.

2.      BN is one of the nation's largest booksellers, which bills itself as "a leading content and commerce company providing customers easy and convenient access to trade books and other content across its multi-channel distribution platform."  Barnes and Noble, Inc. 2016 Form 10-K at 4.

3.      According to its most recent 10-K filed with the Security and Exchange Commission, as of April 30, 2016, BN operates 640 retail bookstores in 50 states.  Barnes and Noble, Inc. 2016 Form 10-K at 4.

4.      Most of these stores include a café, where BN offers sandwiches, soups and bakery items, as well as coffee and other beverages.

5.      BN believes that the cafes "foster the image of the stores as a community meeting place."  Barnes and Noble, Inc. 2016 Form 10-K at 9.

6.      In order to minimize labor costs, BN staffs its cafés leanly and strictly manages hours worked by non-exempt, hourly café workers to avoid paying them overtime.  To compensate for this deliberate understaffing, BN relies heavily on its salaried CMs to staff the cafés when there are not enough hourly employees to properly do so.  Because of BN's retail hours and lean staffing model, CMs regularly work in excess of forty (40) hours per workweek and frequently work ten or more hours a day.

7.      Although they are labeled "managers," CMs are not responsible for true management functions.  To the contrary, CMs spend the vast majority of their time performing the same duties as non-exempt, hourly café employees.  CMs' primary duties, which occupy the majority of their time, are:   making coffee and other beverages, preparing food, serving customers, working the cash register, and cleaning the café.

8.      The primary duties of CMs do not fall within any of the exemptions under federal or state overtime laws.

9.      The primary duties of the CM position do not vary among BN's stores.

10.     Throughout the relevant period, BN's policy across its stores has been to uniformly classify CMs as exempt from federal and state overtime provisions and not pay CMs any overtime wages.

11.     BN requires CMs to undergo a training period of approximately three to six weeks.  During this training period, BN classifies CMs-in-training as exempt and does not pay CMs any overtime for hours worked over 40 in a work week.

12.     BN regularly requires CMs to work in excess of 40 hours per workweek, including during their training period.

13.     By the conduct described herein, Defendant has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., ("FLSA") and state wage and hour laws by failing to pay CMs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law, including during their training period.

14.     Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendant nationwide who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

15.     Plaintiff also brings this action on behalf of herself and similarly situated current and former employees of Defendant who worked in Illinois pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "Illinois Act").

### THE PARTIES

### *Plaintiff Kelly Brown*

16.     Plaintiff Kelly Brown ("Brown") is an adult individual who is a resident of Chicago, Illinois.

17.     Brown was employed by Defendant as a CM from approximately September 2012 to February 2015, at a BN bookstore in Chicago, Illinois.

18.     Defendant paid Brown an annual salary of approximately $33,000.

19.     Pursuant to Defendant's policy, pattern, and/or practice, Brown regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.  Brown typically worked between 48 and 52 hours per week.  Brown was not paid overtime wages during any other workweeks for the hours she worked as a CM in excess of 40 each week.

20.     At all times relevant hereto, Brown was a covered employee within the meaning of the FLSA and the Illinois Act.

21.     A written consent form for Brown is attached hereto as Exhibit A.

### *Defendant*

22.     BN is a Delaware corporation with a principal place of business in New York, New York.

23.     At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA and the Illinois Act.

24.     Throughout the relevant period, Defendant employed Plaintiff and other CMs within the meaning of the FLSA and the Illinois Act.  Defendant has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

25.     At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and other CMs, including timekeeping, payroll and other employment practices that applied to them.

26.     Defendant applies the same employment policies, practices, and procedures to all CMs.

27.     At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

29.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

30.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3) because Defendant is a resident of the State of New York and has its principal place business in this District.

## COMMON FACTUAL ALLEGATIONS

31.     Throughout their employment with Defendant, Plaintiff and other CMs regularly worked in excess of 40 hours per week.

32.     Defendant was aware that Plaintiff and other CMs worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

33.     Defendant failed to keep accurate records of the hours that Plaintiff and other CMs worked.

34.     The primary duties of Plaintiff and other CMs were non-exempt in nature.  They performed the same duties as the hourly employees who were entitled to overtime such as making coffee and other beverages, preparing food, serving customers, working the cash register, and cleaning the café.

35.     Plaintiff and other CMs were closely supervised by their Store Managers, and through common corporate policies and procedures that defined and circumscribed their work. Store Managers were responsible for the overall performance of the stores, and for coaching, evaluating and disciplining store employees, including those who worked in the café.  Plaintiff and other CMs were not responsible for the overall performance of the stores, or for coaching, evaluating or disciplining store employees.

36.     Plaintiff and other CMs did not have authority to hire or fire store employees, nor did they have much, if any, input into who was hired and fired.

37.     During the relevant period, Defendant uniformly classified CMs as exempt from federal and state overtime pay requirements, including during the CMs' training period.

38.     All of the work that Plaintiff and other CMs performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and other CMs performed.

39.     Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws.

40.     Defendant was aware, or should have been aware, that federal and state wage and hour laws required it to pay Plaintiff and other CMs overtime compensation for hours worked in excess of 40 per week.

41.     Defendant was aware, or should have been aware, that Plaintiff's and other CMs' primary duties were making coffee and other beverages, preparing food, serving customers, working the cash register, and cleaning the café, and that these duties do not fall within any overtime exemption under the FLSA or state wage and hour laws.

42.     Defendant's failure to pay Plaintiff and other CMs overtime was willful. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

43.     Plaintiff bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendant as CMs at any BN bookstore in the United States, on or after September 20, 2013, who elect to opt-in to this action (the "FLSA Collective").

44.     Plaintiff also brings the Second Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendant as a CM in training at any BN bookstore in the United States, on or after September 20, 2013, who elect to opt-in to this action (the "FLSA Training Collective").

45.     All of the work that Plaintiff, the FLSA Collective and FLSA Training Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff, the FLSA Collective and FLSA Training Collective have performed.

46.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff, the FLSA Collective and the FLSA Training Collective.  This policy and pattern or practice includes, but is not limited to:

   a.     willfully failing to pay Plaintiff and the members of the FLSA Collective and/or the FLSA Training Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

   b.     willfully misclassifying Plaintiff and the members of the FLSA Collective and/or the FLSA Training Collective as exempt from the protections of the FLSA; and

   c.     willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective and/or the FLSA Training Collective, have worked for the benefit of Defendant.

47.     Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

48.     Plaintiff and the FLSA Collective all perform or performed the same primary duties.

49.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

## ILLINOIS CLASS ACTION ALLEGATIONS

50.     Plaintiff Brown brings the Third Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of persons consisting of all persons who have worked for Defendant as CMs in the State of Illinois (the "Illinois Class") at any time between September 20, 2013 and the date of final judgment in this matter (the "Illinois Class Period").

51.     Plaintiff Brown also brings the Fourth Cause of Action, pursuant to the Illinois Act, on behalf of herself and all similarly situated persons who work or have worked for Defendant as a CM in training in the State of Illinois, on or after September 20, 2013 and the date of final judgment in this matter (the "Illinois Training Class").

52.     Excluded from the Illinois Class and the Illinois Training Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class and the Illinois Training Class.

53.     The persons in the Illinois Class and the Illinois Training Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of

such persons is not known to Plaintiff Brown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

54.     Upon information and belief, the size of the Illinois Class is at least 100 workers.

55.     Defendant acted or refused to act on grounds generally applicable to the Illinois Class and the Illinois Training Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Illinois Class and the Illinois Training Class as a whole.

56.     The Third and Fourth Causes of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Illinois Class and the Illinois Training Class that predominate over any questions solely affecting individual members of the Illinois Class and the Illinois Training Class, including but not limited to:

> a.     whether Defendant failed to keep true and accurate time records for all hours worked by Brown and the Illinois Class and the Illinois Training Class;
>
> b.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;
>
> c.     whether Defendant failed and/or refused to pay Brown and the Illinois Class and the Illinois Training Class for all hours worked in violation of the Illinois Act;
>
> d.     whether Defendant failed and/or refused to pay Brown and the Illinois Class and the Illinois Training Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the Illinois Act;
>
> e.     the nature and extent of Illinois Class-wide injury and the appropriate measure of damages for the Illinois Class and the Illinois Training Class;
>
> f.     whether Defendant has had a policy of failing to pay workers for time that they work;

g.      whether Defendant failed to compensate Brown and the Illinois Class and the Illinois Training Class for all work Defendant required and/or suffered or permitted them to perform; and

h.      whether Defendant correctly calculated and compensated Brown and the Illinois Class and the Illinois Training Class for hours worked in excess of 40 per workweek.

57.      Brown's claims are typical of the claims of the Illinois Class and the Illinois Training Class sought to be represented.  Brown and the other Illinois Class and the Illinois Training Class members work or have worked for Defendant and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek.  Defendant acted and refused to act on grounds generally applicable to the Illinois Class and the Illinois Training Class, thereby making injunctive and/or declaratory relief with respect to the Illinois Class and the Illinois Training Class appropriate.

58.      Brown will fairly and adequately represent and protect the interests of the Illinois Class and the Illinois Training Class.  Brown understands that, as a class representative, one assumes a fiduciary responsibility to the Illinois Class and the Illinois Training Class to represent its interests fairly and adequately.  Brown recognizes that as a class representative, one must represent and consider the interests of the Illinois Class and the Illinois Training Class just as one would represent and consider one's own interests.  Brown understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the Illinois Class and the Illinois Training Class.  Brown recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Class and the Illinois Training Class.  Brown understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

59.     Brown has retained counsel competent and experienced in complex class action employment litigation.

60.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Illinois Class and the Illinois Training Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Illinois Class and the Illinois Training Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

61.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**FIRST CAUSE OF ACTION**<br>**Fair Labor Standards Act – Overtime Wages**<br>**(On behalf of Plaintiff and the FLSA Collective)**

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective and Class Action Complaint.

64.     Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

65.    At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

67.    Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68.    At all relevant times, Plaintiff and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

69.    Defendant failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

70.    Defendant's violations of the FLSA, as described in this Collective and Class Action Complaint, have been willful and intentional.  Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

71.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

72.    As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

73.    As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(On behalf of Plaintiff and the FLSA Training Collective)**

74.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.     Defendant has engaged in a widespread pattern and practice of violating the FLSA during the CMs' training period, as described in this Collective and Class Action Complaint.

76.     During their training period, Defendant failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

77.     Defendant's violations of the FLSA during the CMs' training period, as described in this Collective and Class Action Complaint, have been willful and intentional.  Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees during their training period.

78.     Because Defendant's violations of the FLSA with respect to FLSA Training Collective have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

79.     As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

80.     As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### Illinois Minimum Wage Laws
### (On behalf of Plaintiff Brown and the Illinois Class)

81.     Plaintiff Brown realleges and incorporates by reference all allegations in all preceding paragraphs.

82.     At all times relevant, Plaintiff Brown and the members of the Illinois Class have been employees and Defendant has been an employer within the meaning of the Illinois Act. Brown and the members of the Illinois Class are covered by the Illinois Act.

83.     Defendant employed Brown and the members of the Illinois Class as an employer in Illinois.

84.     Defendant failed to pay Brown and the members of the Illinois Class wages to which they are entitled under the Illinois Act.  Defendant failed to pay Brown and the members of the Illinois Class for overtime at a wage rate of one and one-half times their regular rates of pay.

85.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Brown and the Illinois Class members.

86.     Due to Defendant's intentional and willful violations of the Illinois Act, Brown and the members of the Illinois Class are entitled to recover from Defendant their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, pre-judgment

interest, 2% interest per month interest in accordance with the Illinois Act, and such other relief as provided by law.

## FOURTH CAUSE OF ACTION
### Illinois Act Training Claims
### (On behalf of Plaintiff Brown and the Illinois Training Class)

87.     Plaintiff Brown realleges and incorporates by reference all allegations in all preceding paragraphs.

88.     At all times relevant, Plaintiff Brown and the members of the Illinois Training Class have been employees and Defendant has been an employer within the meaning of the Illinois Act.  Brown and the members of the Illinois Training Class are covered by the Illinois Act.

89.     Defendant employed Brown and the members of the Illinois Training Class as an employer in Illinois.

90.     During their training period, Defendant failed to pay Brown and the members of the Illinois Training Class wages to which they are entitled under the Illinois Act.  Defendant failed to pay Brown and the members of the Illinois Training Class for overtime at a wage rate of one and one-half times their regular rates of pay.

91.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Brown and the Illinois Training Class members.

92.     Due to Defendant's intentional and willful violations of the Illinois Act, Brown and the members of the Illinois Training Class are entitled to recover from Defendant their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, pre-judgment interest, 2% interest per month interest in accordance with the Illinois Act, and such other relief as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor's regulations;

C.      Pre-judgment interest and post-judgment interest as provided by law;

D.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E.      A reasonable incentive award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other CMs, and the risks she has undertaken.

F.      Certification of the Illinois Act claims in this action as a class action;

G.      Designation of Brown as a Illinois Class Representative and Illinois Training Class Representative;

H.      An award of damages, appropriate statutory penalties, and restitution to be paid by Defendant according to Illinois law according to proof;

I.      Pre-judgment and post-judgment interest as provided by Illinois law, including interest on all unpaid wages at the statutory rate of 2% per month in accordance with Illinois law;

J.      Attorneys' fees and costs of the action; and

K.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  New York, New York
        September 20, 2016

Respectfully submitted,

_____
Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, New York 10022
Tel:     (800) 616-4000
Fax:    (561) 447-8831

Gregg I. Shavitz*
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Tel:     (561) 447-8888
Fax:    (561) 447-8831

*Attorneys for Plaintiff and the Putative Class and Collective*

*pro hac vice* application forthcoming