**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KELLY BROWN and TIFFANY STEWART,
Individually and on behalf of all others similarly
situated, as Class/Collective representatives,

        Plaintiffs,

v.

BARNES AND NOBLE, INC.,

        Defendant.

Case No. 16-CV-07333 (RA)

## ANSWER TO AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Barnes & Noble, Inc. ("Defendant"), by and through its undersigned attorneys, hereby submits the foregoing Answer and Affirmative Defenses in the above-captioned matter and responds to the correspondingly numbered paragraphs as follows.

### NATURE OF THE ACTION

1.  Admitted only that Plaintiffs' action seeks to recover overtime compensation. It is specifically denied that Plaintiffs' claims have merit and that recovery for themselves or allegedly similarly situated employees is appropriate. All remaining allegations are denied.

2.  Admitted that the content of Defendant's 10K speaks for itself.

3.  Admitted that the content of Defendant's 10K speaks for itself.

4.  Admitted.

5.  Admitted that the content of Defendant's 10K speaks for itself.

6.  Denied.

7.      Denied.

8.      The allegations of paragraph 8 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     The allegations of paragraph 13 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

14.     The allegations of paragraph 14 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

15.     The allegations of paragraph 15 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

16.     The allegations of paragraph 16 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

### The Parties
### *Plaintiff Kelly Brown*

17.     Defendant is without information sufficient to form a belief as to the truth of this allegation and, therefore, denies it.

2

18.     Admitted only with respect to the allegation pertaining to the conclusion of Brown's employment.  Denied as to the commencement of such employment.

19.     Admitted only that Defendant paid Brown the alleged salary at some point during her employment.  All remaining allegations are denied.

20.     Denied.

21.     The allegations of paragraph 21 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

22.     Admitted only that the alleged exhibit appears to be a consent form.

23.     Defendant is without information sufficient to form a belief as to the truth of this allegation and, therefore, denies it.

24.     Denied.

25.     Admitted only that Defendant paid Stewart the alleged salary at some point during her employment.  All remaining allegations are denied.

26.     Denied.

27.     The allegations of paragraph 27 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

### ***Defendant***

28.     Admitted.

29.     The allegations of paragraph 29 constitute legal conclusions to which no responsive pleading is required.

30.     The allegations of paragraph 30 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

31.     The allegations of paragraph 31 constitute legal conclusions to which no responsive pleading is required.

32.     Denied.

33.     Admitted.

## JURISDICTION AND VENUE

34.     The allegations of paragraph 34 constitute legal conclusions to which no responsive pleading is required.

35.     The allegations of paragraph 35 constitute legal conclusions to which no responsive pleading is required.

36.     The allegations of paragraph 36 constitute legal conclusions to which no responsive pleading is required.

## COMMON FACTUAL ALLEGATIONS

37.     Denied.

38.     Denied.

39.     Admitted only that Defendant does not require all CMs to log specific hours worked.  All remaining allegations are denied.

40.     The allegations of paragraph 40 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

41.     Denied.

42.     Denied.

43.     Denied.

44.     The allegations of this paragraph are so vague as to make a clear affirmative or negative response impossible and, therefore, Defendant denies them.

45.     Denied.

46.     The allegations of paragraph 46 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

47.     Denied.

48.     The allegations of paragraph 48 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

49.     The allegations of paragraph 49 constitute legal conclusions to which no responsive pleading is required.

50.     The allegations of paragraph 50 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

51.      The allegations of this paragraph are so vague as to make a clear affirmative or negative response impossible and, therefore, Defendant denies them.

52.     Denied, including all subparts.

53.     [Plaintiffs' amended complaint omitted a numbered paragraph 53]

54.     The allegations of paragraph 54 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

55.     Denied.

56.     Denied.

## ILLINOIS CLASS ACTION ALLEGATIONS

57.     The allegations of paragraph 57 constitute legal conclusions to which no responsive pleading is required.

58.     The allegations of paragraph 58 constitute legal conclusions to which no responsive pleading is required.

59.     The allegations of paragraph 59 constitute legal conclusions to which no responsive pleading is required.

60.     The allegations of paragraph 60 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

61.     Denied that the identified individuals make up an appropriate class or that they include more than 100 workers in the identified time range.

62.     The allegations of paragraph 62 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

63.     The allegations of paragraph 63 (including subparts) constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

64.     The allegations of paragraph 64 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

65.     The allegations of paragraph 65 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.  By way of further response, to the extent the allegations of paragraph 65 contain allegations concerning Brown's intentions and knowledge, Defendant is without sufficient knowledge of such matters and, therefore, denies them.

66.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and, therefore, denies them.

67.     The allegations of paragraph 67 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

68.     The allegations of paragraph 68 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

## NEW YORK CLASS ALLEGATIONS

69.     The allegations of paragraph 69 constitute legal conclusions to which no responsive pleading is required.

70.     The allegations of paragraph 70 constitute legal conclusions to which no responsive pleading is required.

71.     The allegations of paragraph 71 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

72.     Denied that the identified employees make up an appropriate class.  Admitted that the identified group of employees includes more than 100 workers in the identified time range.

73.     The allegations of paragraph 73 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

74.     The allegations of paragraph 74 (including subparts) constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

75.     The allegations of paragraph 75 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

76.     The allegations of paragraph 76 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.  By way of further response, to the extent the allegations of paragraph 76 contain allegations concerning Stewart's

intentions and knowledge, Defendant is without sufficient knowledge of such matters and, therefore, denies them.

77.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and, therefore, denies them.

78.     The allegations of paragraph 78 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

79.     Denied.

80.     The allegations of paragraph 80 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(On behalf of Plaintiff and the FLSA Collective)**

81.     Defendant restates and incorporates by reference all responses in the preceding paragraphs.

82.     The allegations of paragraph 82 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

83.     Admitted, on information and belief.

84.     The allegations of paragraph 84 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

85.     The allegations of paragraph 85 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

9

86.     The allegations of paragraph 86 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

87.     The allegations of paragraph 87 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

88.     Denied.

89.     The allegations of paragraph 89 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

90.     The allegations of paragraph 90 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

91.     The allegations of paragraph 91 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

92.     Denied.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiff and the FLSA Training Collective)

93.     Defendant restates and incorporates by reference all responses in the preceding paragraphs.

94.     Denied.

95.     Denied.

96.     Denied.

97.     The allegations of paragraph 97 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

98.     The allegations of paragraph 98 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

99.     Denied.

### THIRD CAUSE OF ACTION
**Illinois Minimum Wage Laws**
**(On behalf of Plaintiff Brown and the Illinois Class)**

100.     Defendant restates and incorporates by reference all responses in the preceding paragraphs.

101.     The allegations of paragraph 101 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

102.     The allegations of paragraph 102 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

103.     The allegations of paragraph 103 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

104.     Denied.

105.     The allegations of paragraph 105 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

### FOURTH CAUSE OF ACTION
**Illinois Act Training Claims**
**(On behalf of Plaintiff Brown and the Illinois Training Class)**

106.    Defendant restates and incorporates by reference all responses in the preceding paragraphs.

107.    The allegations of paragraph 107 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

108.    The allegations of paragraph 108 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

109.    The allegations of paragraph 109 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

110.    Denied.

111.    The allegations of paragraph 111 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

### FIFTH CAUSE OF ACTION
### New York Labor Law

112.    Defendant restates and incorporates by reference all responses in the preceding paragraphs.

113.    The allegations of paragraph 113 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

114.    The allegations of paragraph 114 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

115.    The allegations of paragraph 115 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

116.    Denied.

117.    The allegations of paragraph 117 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

## SIXTH CAUSE OF ACTION
### New York Labor Law Notice and Recordkeeping Claims

118.    Defendant restates and incorporates by reference all responses in the preceding paragraphs.

119.    The allegations of paragraph 119 constitute legal conclusions to which no responsive pleading is required.

120.    The allegations of paragraph 120 constitute legal conclusions to which no responsive pleading is required.

121.    The allegations of paragraph 121 constitute legal conclusions to which no responsive pleading is required.

122.    The allegations of paragraph 122 constitute legal conclusions to which no responsive pleading is required.

123.    The allegations of paragraph 123 constitute legal conclusions to which no responsive pleading is required.

124.    The allegations of paragraph 124 constitute legal conclusions to which no responsive pleading is required and which, in any event, Defendant denies.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies any liability for Plaintiffs' claims; denies that Plaintiffs are entitled to any recovery under the cited laws; denies that Plaintiffs' claims are appropriate for class treatment; denies that any Plaintiff is an appropriate class representative; denies that liquidated or other special damages are appropriate; denies that any equitable relief is just or appropriate; denies that Plaintiffs are entitled to recover any attorneys' fees; and, therefore, demands judgment in its favor on all counts.

## SEPARATE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The affirmative defenses asserted below are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time.  Defendant reserves the right to assert additional defenses as information is gathered through discovery and investigation.   In asserting these defenses, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters and does not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiffs have the burden of proof or persuasion.

Subject to the preceding qualifications, Defendant asserts the following separate affirmative defenses to the Complaint:

14

## FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because plaintiffs and all persons similarly situated are exempt from eligibility for overtime compensation under the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the New York Labor Law, under the executive exemption, the administrative exemption, or both.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and each claim contained therein, fails, in whole or in part, because Defendant had a reasonable, honest, good faith belief that all acts and omissions, if any, affecting Plaintiffs and the proposed class members were made for legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant understood them. In particular, Defendant had a good faith belief that Plaintiffs and the putative class members were properly classified as exempt under the executive exemption, the administrative exemption, or both.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations to the extent their claims are based on acts or omissions that occurred outside of the applicable limitations period.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, fails, in whole or in part, because Plaintiffs and the putative class members failed to raise these claims in a timely fashion, and the delay was not reasonable. Plaintiffs and the putative class members did not request payment for wages allegedly owed during the delay, and Defendant was prejudiced.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, fails to state a claim for penalties for alleged wage violations under the Fair Labor Standards Act, Illinois Minimum Wage Act, and the New York Labor Law because there is a good faith dispute as to Defendant's obligation to pay any wages that may be found to be due.  Defendant had and has a good faith belief that Plaintiffs and the putative class members were/are properly classified.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, fails, in whole or in part, to the extent Plaintiffs and the proposed class members failed to substantially comply with their employer's directions via their failure to engage in duties that meet the test for the executive or administrative exemption and/or report their non-compliance with same.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent plaintiffs and the proposed class members are seeking recovery of damages for alleged injuries that they could reasonably have avoided, including any damages caused by Plaintiffs' failure to engage in duties that meet the test for the executive or administrative exemption and/or report their non-compliance with same.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiffs and the proposed class members have ever recovered in other proceedings against Defendant any monies for the wages, benefits, or other compensation at issue in this action.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because Defendant acted in good faith and did not violate any rights that may be secured to plaintiffs or any other persons similarly situated under federal, state, or local laws, rules, or regulations.

## TENTH AFFIRMATIVE DEFENSE

Class or collective action treatment is inappropriate based on the alleged class, or classes, which are overly broad and defined in a manner such that class membership is not objectively ascertainable.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not similarly situated to the putative class members and, as such, should not be part of any class or collective action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not adequate representatives of the putative class members and, as such, should not be permitted to pursue any class or collective action.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Defendant has acted in good faith with regard to some or all of the acts or omissions alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

This case is not appropriate for certification as a collective or class action because any common issues of fact or law are insignificant compared to the issues particular to plaintiffs and to the purported class members.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish and maintain a collective or class action because she cannot demonstrate that such actions are superior to other methods available for adjudicating the controversy.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' putative collective and class actions fail because the questions of law and fact presented in the Complaint are not common to the proposed class.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Punitive, liquidated, or other statutory damages are unavailable because Defendant made good faith efforts to comply with the law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

## NINETEENTH AFFIRMATIVE DEFENSE

Any claim for injunctive relief is improper and moot.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members are precluded from recovering penalties in whole or in part under the applicable provisions of the law as, based upon the facts and circumstances of this case, any imposition of penalties would result in an award that is unjust, arbitrary, oppressive, and/or confiscatory because Defendant had and has a good faith belief that plaintiffs and the putative class members were properly classified as exempt.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members are not entitled to injunctive and/or restitutionary remedies because they have an adequate remedy at law, namely, the recovery of monetary damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are duplicative of claims filed in other forums.

Dated: November 22, 2016
      New York, New York

DRINKER BIDDLE & REATH LLP

By: _____
Richard J.L. Lomuscio
1177 Avenue of the Americas
41st Floor
New York, NY 10036
Telephone: (212) 248-3140
Richard.Lomuscio@dbr.com

Daniel Aiken (admitted *pro hac vice*)
One Logan Square, Ste. 2000
Philadelphia, PA 10193-6996
Telephone (215) 933-2942
Daniel.Aiken@dbr.com

*Attorneys for Defendant Barnes & Noble, Inc.*