# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| KELLY BROWN and TIFFANY STEWART, Individually and on behalf of all others similarly situated, as Class/Collective representatives, | : : : : | Case No. 16-CV-07333 (RA) |
| Plaintiffs, | : : | |
| v. | : : | |
| BARNES AND NOBLE, INC., | : : | |
| Defendant. | : : : | |

## DEFENDANT BARNES & NOBLE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S "TRAINING CLASS" CLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Barnes & Noble, Inc., submits this Memorandum of Law in Support of its

Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    INTRODUCTION

The federal and Illinois law-based claims of the lead Plaintiff, Kelly Brown, alleging

failure to pay overtime for the period when she was a "Café Manager-in-training," are time-

barred.  The applicable statutes provide a maximum limitations period of three years for alleged

violations.  According to the Amended Complaint, Brown was a Café Manager-in-training in

September 2012, four years before she filed the initial complaint in this case.  Thus, there is no

fair reading of her Complaint that permits the conclusion that her training-based claims were

timely filed.

## II.    PROCEDURAL HISTORY AND RELEVANT FACTUAL ALLEGATIONS

Brown filed the initial Complaint in this matter on September 20, 2016.  In her

Complaint, Brown claims that she is entitled to overtime payments for all weeks in which she

worked more than 40 hours.  Brown brings her claims under the Fair Labor Standards Act
("FLSA") and the Illinois Minimum Wage Law ("IMWL"), individually and on behalf of a
purported class under each law.[1]

Brown is a former Café Manager who worked in one of Barnes & Noble's bookstores in
Chicago, Illinois.  (Am. Cmplt. ¶ 18).  According to her Complaint, she began working as a Café
Manager in September 2012 and remained in that position until February 2015.  (Am. Cmplt. ¶
18).  Brown's overtime claims are based on two theories.  First, she alleges that she was
improperly classified by Barnes & Noble as exempt from the overtime requirements of the FLSA
and IMWL.  (Am. Cmplt. ¶ 40).   Accordingly, she claims that she should have been paid
overtime during every workweek in which she worked more than 40 hours.  (Id.)

Second, and relevant to this motion, Brown claims that, prior to fully taking on the Café
Manager position, she was a "Café Manager-in-training."  (Am. Cmplt. ¶¶ 11 & 18).  During that
time, Brown alleges that she worked in excess of 40 hours per week over the course of three to
six weeks.  (Am. Cmplt. ¶ 11).  Brown alleges that she should have been, but was not, paid
overtime while working as a "Café Manager-in-training."  (Am. Cmplt. ¶ 13).   In addition to
pursuing her own training-based claims, Brown seeks to represent a "training class" class under
Illinois law ("Illinois Training Class") and the FLSA ("FLSA Training Collective") (together
"Training Class" claims).  (Am. Cmplt. ¶ 58 & Second and Fourth Causes of Action).

Brown defines the Illinois Training Class as "herself and all similarly situated persons
who work or have worked for Defendant as a CM in training in the State of Illinois, on or after
September 20, 2013."  (Am. Cmplt. ¶ 58).  Brown alleges an identical definition for the FLSA

---

[1]   Brown filed an Amended Complaint on November 8, 2016, in which she added a co-Plaintiff, named Tiffany
Stewart, who asserts claims under the New York Labor Law.

Training Collective, except that she seeks to represent all such Café Managers throughout the United States. (Am. Cmplt. ¶ 51).

## III.  STANDARD OF REVIEW

Where the operative dates alleged in "a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted[.]" Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989) (cited in Francis v. Blaikie Grp., 372 F. Supp. 2d 741, 743 (S.D.N.Y. 2005), aff'd, 177 F. App'x 121 (2d Cir. 2006) ("Defenses based on statutes of limitations are properly brought under Rule 12(b)(6) as motions to dismiss for failure to state a claim on which relief can be granted.")).

## IV.  DISCUSSION

Brown's Training Class claims are time-barred by one year under both the Illinois and federal statutes. Brown admits as much in her Complaint by acknowledging that the outermost class limitations period is September 20, 2013, while also alleging that she began in her Café Manager position in "approximately" September 2012. (Am. Cmplt. ¶¶ 11, 18, 51, & 58). Claims under the IMWL are subject to a three-year statute of limitations. 820 ILCS 105/12(a) ("Every such action shall be brought within 3 years from the date of underpayment."); Ottaviano v. Home Depot, Inc., USA, 701 F. Supp. 2d 1005, 1011 (N.D. Ill. 2010) (accord). FLSA claims are subject to a two-year limitations period, which expands to three years in the event of a willful violation. 29 U.S.C. § 255(a); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 387 (E.D.N.Y. 2010) (accord).

Inasmuch as Brown filed her initial complaint on September 20, 2016, Brown's three-to-six week tenure as a Café Manager-in-training would need to have occurred no earlier than September 20, 2013, to fit within the limitations period. According to the complaint, however, it actually occurred in September 2012. Thus, on their face, Brown's Training Class claims should be dismissed as time-barred.

V.     **CONCLUSION**

For the foregoing reasons, Barnes & Noble respectfully submits that its Motion to Dismiss the Training Class Claims (Second and Fourth Causes of Action) should be granted.

Dated:  November 22, 2016
      New York, New York

DRINKER BIDDLE & REATH LLP

By: _____
Richard J.L. Lomuscio
1177 Avenue of the Americas
41st Floor
New York, NY 10036
Telephone:  (212) 248-3140
Richard.Lomuscio@dbr.com

Daniel Aiken (admitted *pro hac vice*)
One Logan Square, Ste. 2000
Philadelphia, PA 10193-6996
Telephone (215) 933-2942
Daniel.Aiken@dbr.com

*Attorneys for Defendant Barnes & Noble, Inc.*