UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KELLY BROWN and TIFFANY STEWART, : Case No.: 16-CV-07333 (RA)(KHP)
Individually and on behalf of all others similarly :
situated, as Class/Collective representative :
:
                Plaintiffs, :
:
v. :
:
BARNES AND NOBLE, INC., :
:
                Defendant. :
:

---

## BARNES & NOBLE'S MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

Plaintiffs have failed to present any evidence justifying the extraordinary remedy of equitably tolling the statute of limitations for future opt-in plaintiffs. Rather, with their Motion for Equitable Tolling, Plaintiffs present a garden-variety procedural history in which their own actions and lack of diligence in submitting their first motion for conditional certification are solely responsible for any delay. Moreover, Plaintiffs' current motion is an improper request for an advisory opinion inasmuch as it seeks tolling for non-parties, who have not shown interest in joining this case and, in any event, whose diligence in pursuing their own rights cannot be judged. Accordingly, there is no basis for the Court to contravene Congress's intent that the statute of limitations should continue to run against the claims of any person who has not filed a lawsuit under the FLSA or consented to join an existing lawsuit.

Defendant Barnes & Noble, Inc. ("Barnes & Noble") submits the following in opposition to Plaintiffs' Motion for Equitable Tolling.

I.     **PROCEDURAL HISTORY AND BACKGROUND**

Plaintiffs filed their Complaint on September 20, 2016. On October 19, 2016, the Court ordered the parties to participate in the Court's pilot program of mandatory mediation for FLSA cases, which included specific mandatory discovery. (ECF no. 16). Relying on information that Barnes & Noble produced in connection with those mandatory disclosures, as well as their own affidavits, Plaintiffs' moved for conditional certification on November 22, 2016. (ECF no.25). Defendant also moved to dismiss Counts Two and Four of the Complaint on the same date. (ECF no. 24).[1]

The parties agreed to hold in abeyance their respective responses to the pending motions until no later than January 25, 2017, while the parties participated in the Court's mandatory mediation pilot program. Barnes & Noble agreed to toll the statute of limitations for putative FLSA collective action members between December 9, 2016 (its original deadline for responding to the motion for conditional certification) and January 25, 2017, when Barnes & Noble filed its response to Plaintiff's motion. (ECF Nos. 28 & 29). Plaintiffs filed their reply brief on January 30, 2017, and the Court issued its decision denying Plaintiffs' motion on May 2, 2017. (ECF nos. 40 & 51). Thus, only two months of the limitations period lapsed from the time Plaintiffs' motion was fully briefed and when the Court denied Plaintiffs' motion. And, putative plaintiffs did not experience any lapse of the limitations period between December 9 and January 25.

Discovery commenced immediately following the February 28, 2017, Rule 16 Conference, when the Court set the discovery deadline as September 29, 2017. The parties have exchanged discovery responses and produced documents and are scheduling depositions. There

---

[1] Plaintiffs eventually stipulated to the dismissal of these Counts of the Amended Complaint.

2

has not been any stay of discovery or other proceedings, and the discovery period has not been extended.

II. **ARGUMENT**

As was the case with their unsuccessful motion for conditional certification, Plaintiffs briefed and filed the present motion without facts sufficient to meet their burden. "A litigant seeking equitable tolling bears the high burden of establishing both '(1) that [s]he has been pursuing [her] rights diligently; and (2) that some extraordinary circumstance stood in [her] way.'" *Barrett v. Forest Labs., Inc.*, No. 12-CV-5224 RA, 2015 WL 4111827, at *3 (S.D.N.Y. July 8, 2015) (Abrams, J.) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). As the United States Supreme Court has made clear on several occasions, "equitable tolling's two components [are] 'elements,' not merely factors of indeterminate or commensurable weight"; and the Court has "treated them as such in practice, too, rejecting requests for equitable tolling where a litigant failed to satisfy one without addressing whether he satisfied the other." *Menominee Indian Tribe of Wisconsin v. United States*, __ U.S. __, 136 S. Ct. 750, 756 (2016) (citing *Lawrence v. Florida,* 549 U.S. 327, 336–37 (2007)). Further, as the Second Circuit has cautioned, "equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003) (citation omitted).

As this Court (specifically, Judge Abrams) recently instructed, "[i]n light [of] Congress's considered choice not to relate a FLSA collective action member's signed consent back to the date of the original complaint, 'courts must be cautious about equitably tolling the FLSA limitations period' . . . lest they transform it into the Rule 23 scheme by effectively 'alter[ing] the express terms of the statute.'" *Barrett*, 2015 WL 4111827, at *3 (citations and internal

3

quotations omitted). Given Congress's clear intent on the matter, this Court has cautioned that, in cases governed by the FLSA's opt-in procedures, equitable tolling is reserved for "rare and exceptional cases":

> The doctrine of equitable tolling creates an exception to the potential harshness of the FLSA's limitations regime by 'allow[ing] courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996); *see also Parada v. Banco Indus. de Venezuela, C.A.,* 753 F.3d 62, 70–71 (2d Cir.2014) (accepting possibility of equitable tolling under FLSA). The exception, however, is exceedingly narrow. "Because statutes of limitations protect important social interests in certainty, accuracy, and repose, equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *A.Q.C. ex rel. Castillo v. United States,* 656 F.3d 135, 144 (2d Cir.2011) (internal quotation marks, citations, and alteration omitted). Indeed, the Supreme Court has cautioned that equitable tolling is "not a cure-all for an entirely common state of affairs." *Wallace v. Kato,* 549 U.S. 384, 396, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

*Barrett*, 2015 WL 4111827, at *2 (S.D.N.Y. July 8, 2015).

Plaintiffs' motion fails to meet this high burden of establishing that this case presents the rare and exceptional case in which extraordinary circumstances justify equitable tolling.

### A. Plaintiffs' Motion Seeks an Impermissible Advisory Opinion for Non-Litigants, Contrary to Article III of the United States Constitution.

As a threshold matter, however, Plaintiffs' motion suffers from a fundamental failure: Plaintiffs are asking this Court to exceed its Article III powers by issuing an advisory opinion on the future rights of non-parties to this litigation. Several courts have deemed motions for equitable tolling concerning future opt-in plaintiffs improper on this basis alone. *See e.g., United States v. Cook,* 795 F.2d 987, 994 (Fed. Cir. 1986) (reversing district court's tolling order that applied to non-litigants. "Those employees have not filed claims, and it is unknown whether

4

they ever will. Under general principles derived from the "case or controversy" requirement of Article III, Section 2, Clause 1 of the U.S. Constitution, a federal court is without power to give advisory opinions, because such opinions cannot affect the rights of the litigants in the case before it."); *Miller-Basinger v. Magnolia Health Sys., Inc.*, No. 215 CV 00089 WTLDKL, 2016 WL 773191, at *2 (S.D. Ind. Feb. 22, 2016) ("It is premature for this Court to toll the statute of limitations for potential plaintiffs because doing so would require the Court to issue an advisory opinion, which would impermissibly "address[ ] the rights of parties not before the Court."); *Weil v. Metal Tech., Inc.*, No. 2:15-cv-00016, 2015 WL 5827594, at *2 (S.D. Ind. Oct. 6, 2015) ("[T]he Court agrees with Metal Technologies that if it grants Plaintiffs' request to toll the statute of limitations for potential Opt–In Plaintiffs at this juncture, it would be issuing an impermissible advisory opinion.").

As set forth below in more detail, the advisory nature of an equitable tolling order would require the Court to ignore the United States Supreme Court's mandate in *Menominee*, which requires all plaintiffs who seeks equitable tolling to establish both elements of the equitable tolling burden. More specifically, Plaintiffs seek a finding from this Court that a hypothetical non-party has (1) acted diligently to pursue his or her own rights but, nevertheless, (2) has been prevented from exercising his or her own rights because of specific extraordinary circumstances. Keeping with that hypothetical theme, Plaintiffs' motion is premised on an event that has not yet occurred—namely, that the Court will eventually grant their motion for conditional certification despite having already denied that motion in May. It is precisely this type of advisory ruling that the Court is restrained from issuing under the "case or controversy" requirement of Article III of the United States Constitution. *See Sierra Club v. Morton*, 405 U.S. 727, 731–34, (1972). *Cf. Genesis Healthcare Corp. v. Symczyk*, __ U.S. __,133 S. Ct. 1523, 1529(2013) (Article III "case

5

or controversy" analysis "fundamentally different" for "collective actions under the FLSA" than for typical Rule 23 analysis.).

>   B.  **Plaintiffs' Own Litigation Decisions Have Only Delayed Matters, and There Is No Evidence of Diligence on the Part of Potential Plaintiffs.**

The real question before the Court is not whether the Plaintiffs who have already joined the case have been diligent in pursuing their rights. Plaintiffs are not even seeking tolling for themselves. Rather, "the question is whether the *putative class members* have been diligent." *Soto v. Wings 'R US Romeoville, Inc.*, No. 15-CV-10127, 2016 WL 4701444, at *12 (N.D. Ill. Sept. 8, 2016) (denying motion for equitable tolling "without prejudice . . . to the claim of any individual plaintiff who may seek to invoke equitable tolling based on his or her own particular circumstances."); *see also Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 479–80 (S.D.N.Y. 2008) (denying motion for equitable tolling where Plaintiff did "not contend that other [potential opt-ins] have acted with reasonable diligence during the intervening months since she filed suit."). Plaintiffs have not presented any evidence to the Court to answer this pivotal question.

Even if the current Plaintiffs' diligence were at issue, the procedural history of this action shows that any delay in moving this case forward expeditiously was a product of Plaintiffs' and their lawyers' decision to move for conditional certification without sufficient evidence. To be sure, Plaintiffs' counsel moved with haste to get their motion for conditional certification on file. As the Court's opinion on that motion lay bare, however, Plaintiffs lacked support for that motion, relying primarily on boiler plate declarations containing hollow denials of managerial responsibility. Now, they intend to pursue discovery and then file another motion for conditional certification. They ask the Court to intervene so that their poor litigation decisions are free from negative consequences. Indeed, Plaintiffs' motion seeks tolling all the way back to when they

filed their unsuccessful motion for conditional certification on November 22, 2016. There is no legal or factual support for such an extraordinary remedy.

In light of Plaintiffs' lack of diligence so far, and their failure to present any facts relevant to the diligence of potential opt-in plaintiffs, Plaintiffs have failed to satisfy the first element of the equitable tolling test.

### C. Plaintiffs Have Fallen Well-Short of Demonstrating Extraordinary Circumstances That Would Justify Equitable Tolling.

Plaintiffs do not cite any extraordinary circumstances in their motion. Rather, they point to the ordinary facts that there will be a brief discovery period (ending September 29, 2017), followed by briefing and a decision on their second attempt to win conditional certification. Those facts, which are present in almost every putative FLSA collective action, are far from sufficient to establish extraordinary circumstances justifying equitable tolling.

Rather, "[b]eyond merely being extraordinary," the circumstances warranting equitable tolling "must also be causally linked" to the inability to proceed within the statute of limitations." *Barrett*, 2015 WL 4111827, at *4. Despite the exceptional nature of equitable tolling, Plaintiffs have attempted to characterize equitable tolling as "routine" in FLSA cases. In support, they cite to a handful of cases in which courts have granted equitable tolling. But, Plaintiffs fail to articulate why <u>this</u> case presents extraordinary circumstances, let alone circumstances that would justify tolling the statute of limitations from the date Plaintiffs filed their unsuccessful motion for conditional certification. Plaintiffs presume that they should be rewarded for filing a hastily filed, poorly supported motion. Unlike this Court in *Barrett*, the cases that Plaintiffs cite did not apply the necessary rigorous analysis of the two elements of the equitable tolling doctrine. And, none of them support tolling that goes back to the filing date of an unsuccessful motion.

Nothing in this case has prevented Plaintiffs from pursuing this matter as a collective action. So far, this case has proceeded on a relatively standard schedule, with no impediments to Plaintiffs' ability to move forward. It is not an extraordinary circumstance justifying tolling that they have been unable to carry their burden of proof. And, it is not extraordinary that there will be a standard period of discovery during which Plaintiffs are free to file their motion at any time.[2]

Knowing that they cannot present actual evidence of delay attributable to anyone but themselves, Plaintiffs have concocted a false narrative about delayed discovery. Specifically, Plaintiffs claim to be "concerned that Defendant <u>may start</u> delaying discovery to continue allowing the clock to run . . . (Pl. Br. p. 8) (emphasis added). Plaintiffs then cite to the fact that counsel for Barnes & Noble was not available for a deposition on a specific date that Plaintiffs' counsel chose unilaterally, without conferring, as the sole support for their claim that "[a] slow discovery war appears to be Defendant's strategy . . ." (Pl. Br. p. 8).[3] Barnes & Noble's actions in discovery will speak for themselves, but it suffices to say that there is no record whatsoever of Barnes & Noble or its counsel contributing in any way to delaying this case. Plaintiffs' suggestion to the contrary is false and highlights their lack of a legitimate basis for seeking such a remedy as extraordinary as equitable tolling.

Finally, Plaintiffs attempt to project into the future to create extraordinary circumstances. Plaintiffs' brief states they are not likely to make another attempt at gaining conditional

---

[2] Although this Court acknowledged in *Barrett*, that there may be circumstances where equitable tolling is warranted during the pendency of a motion for conditional certification, a plaintiff must still show that she "has done what she must to notify her fellow plaintiffs and it is the court, the defendant, or both that stand in her way." *Barrett*, 2015 WL 4111827, at *4 fn 5.

[3] Plaintiffs also reference a refusal to produce a 30(b)(6) witness unless all Plaintiffs have first testified. That is not Barnes & Noble's position. Barnes & Noble had requested Plaintiffs' availability and had proposed discussing deposition dates well-before Plaintiffs issued their 30(b)(6) notice. So, counsel for Barnes & Noble naturally took issue with Plaintiffs' unilateral action that ignored those requests. Nevertheless, the parties are working on a mutually agreeable deposition schedule within the discovery time limit.

8

certification until August or September of 2017, with a decision not likely until four months later. Plaintiffs' arguments only highlight the speculative nature of their motion and the advisory nature of the order they seek. Moreover, their projected timeline describes ordinary litigation, not extraordinary circumstances. In any event, there are no facts before the Court suggesting the occurrence of extraordinary circumstances that prevented a future opt-in plaintiff from exercising his or her rights. In the event that the Court does grant an eventual motion for conditional certification and a litigant joins the case who presents facts worthy of equitable tolling, Plaintiffs can present the Court with facts and argument supporting the merits of tolling for such future plaintiff. As of now, there is no such litigant before the Court and no facts supporting tolling. *See Cook*, 795 F.2d at 994 ("When and if the time comes, the district court will presumably apply the doctrine of equitable tolling consistently with Congress' intent in enacting the particular statutory scheme set forth in FLSA."); *Amendola*, 558 F. Supp. 2d at 479–80 (denying motion for equitable tolling where Plaintiff did "not contend that other [potential opt-ins] have acted with reasonable diligence during the intervening months since she filed suit."); *Soto*, 2016 WL 4701444, at *12 (denying motion for equitable tolling "without prejudice . . . to the claim of any individual plaintiff who may seek to invoke equitable tolling based on his or her own particular circumstances.").

III.  **CONCLUSION**

For the foregoing reasons, Barnes & Noble respectfully requests that the Court deny Plaintiffs' Motion for Equitable Tolling.

Dated: June 6, 2017                                                DRINKER BIDDLE & REATH LLP

By: s/Daniel H. Aiken
　　Richard J.L. Lomuscio
　　1177 Avenue of the Americas, 41st Floor
　　New York, NY 10036
　　Telephone:  (212) 248-3140

　　Daniel H. Aiken (admitted *pro hac vice*)
　　One Logan Square, Ste. 2000
　　Philadelphia, PA 19103-6996
　　Telephone (215) 988-2942

　　Vik C. Jaitly
　　One Logan Square, Ste. 2000
　　Philadelphia, PA 19103-6996
　　Telephone (215) 988-2799

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that, on June 6, 2017, I served a true copy of this document on all counsel of record via the Court's Electronic Case Filing System.

*/s/* Daniel H. Aiken
Daniel H. Aiken
