```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK

In re:                                 :

KELLY BROWN,                           :   Docket #16cv7333
                    Plaintiff,             1:16-cv-07333-RA-KHP
                                       :
          - against -
                                       :

BARNES & NOBLE,                        :   New York, New York
                                           September 6, 2017
                    Defendant.         :

---------------------------------:

                        PROCEEDINGS BEFORE
               THE HONORABLE KATHARINE H. PARKER,
          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          HEPWORTH GERSHBAUM & ROTH, PLLC
                        BY:  DAVID ROTH, ESQ.
                        192 Lexington Avenue
                        New York, New York 10016
                        (212) 545-1199

For Defendant:          DRINKER BIDDLE & REATH, LLP
                        BY:  DANIEL H. AIKEN, ESQ.
                        1177 Avenue of the Americas
                        41st Floor
                        New York, New York 10036
                        (215) 988-2942




Transcription Service:  Carole Ludwig, *TranscriptionServices*
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

<u>**INDEX**</u>

**E X A M I N A T I O N S**

| <u>Witness</u> | <u>Direct</u> | <u>Cross</u> | <u>Re-<br>Direct</u> | <u>Re-<br>Cross</u> |
|---|---|---|---|---|
| None | | | | |

**E X H I B I T S**

| <u>Exhibit<br>Number</u> | <u>Description</u> | <u>ID</u> | <u>In</u> | <u>Voir<br>Dire</u> |
|---|---|---|---|---|
| None | | | | |

```
 1                                              3

 2          THE CLERK:  We're on the case 16cv7333, Brown

 3  versus Barnes & Noble.

 4          THE COURT:  All right.  Will counsel please make

 5  their appearances for the record.

 6          MR. DAVID ROTH:  David Roth, Hepworth Gershbaum &

 7  Roth.

 8          THE COURT:  Hello.

 9          MR. DANIEL AIKEN:  Good afternoon, Your Honor,

10  Daniel Aiken from Drinker Biddle & Reath for Barnes & Noble.

11          THE COURT:  Hi.

12          MR. AIKEN:  Hi.

13          THE COURT:  How are you.

14          MR. AIKEN:  Doing well.  How are you.

15          THE COURT:  So this is a status conference and I

16  want to hear how discovery is going and also talk about

17  potential settlement.  I understand that there's a

18  difference of opinion as to the scope of any settlement, is

19  that correct?

20          MR. ROTH:  It's my understanding, yes, Your

21  Honor.  Do you want us to stand when we speak to you?

22          THE COURT:  Sure.

23          MR. ROTH:  We had written a letter to you on

24  August 31st about the first day's versus second day's

25  discovery --
```

```
1                                                    4
2              THE COURT:   Right.
3              MR. ROTH:   -- and that's our main focus, is for
4    what we was concerned that an order was issued before the
5    motion for certification had been denied two months before
6    the discovery order was issued in this case.  And the
7    discovery order issued in this case said all discovery's
8    going to be completed by September 29th.  And we are
9    substantially on our way to complete that.  I believe, I
10   just found out, one late opt-in plaintiff -- I haven't
11   had a chance to speak to Mr. Aiken about it -- might need to
12   be a little bit beyond September 29th.  But we're on our
13   way.
14            But plaintiffs have focused solely on the
15   certification issues which is -- unfortunately, Mike Palitz
16   is on vacation today or else he would be here.  I did get a
17   chance to speak to him this morning beforehand and, you
18   know, and he said clearly everything we've done on the
19   30(b)(6), all of the discovery.  And the reason for that is
20   because to do the merits discovery is extremely burdensome
21   on the defendants.
22            And so we don't pursue ESI.  In our group, I'm the
23   ESI guy so, you know, like for instance in Dick's Sporting
24   Goods after certification was done I was on -- we got 1.5
25   million documents.  I think in Modell's, which had much
```

```
 1                                                          5
 2  smaller size class, I think they produced a million
 3  documents.  And we don't need that for certification
 4  purposes, nor do we seek it.  And we had along, you know,
 5  after the denial we had served discovery, focused on --
 6  served the certification issues.  We produced our opt-in
 7  plaintiffs, you know, I have dates to the extent that
 8  defendants are concerned about getting dates, you know, we
 9  have dates for the other opt-ins that are going to be
10  completed.
11          We did a partial 30(b)(6).  Defendants need to
12  bring somebody else back, and I think that's going to go the
13  last week of September.  We are having some discovery
14  disputes about privilege logs and about how it's possibly
15  outstanding discovery.  We've asked for a number of months
16  whether the discovery they'd given us is only so far they've
17  given us -- they gave us 6,000 documents which in, you know,
18  which in second phase would be not even close to what would
19  be appropriate.
20          And then last night -- and I haven't -- honestly,
21  I have not had a chance to review it -- they give us another
22  6,000.  So they've doubled the production.  There may be,
23  and I think that was based on either the post 30(b)(6)
24  demands or some, you know, outstanding discovery disputes.
25  But our main focus is that we recently, in August, after
```

6

1
2  sending a stip and then saying, hey, look, the order says

3  all discovery would be completed.  But obviously the

4  discovery couldn't be completed, because should the Court

5  grant the certification then notice would go out, and all of

6  those people would get discovery, and there would be a whole

7  second phase of discovery.  And we have not been fighting

8  for like any of the Rule 23 issues, like the class list

9  which we're entitled to.  I mean, it was one of my cases,

10  Family Dollar.  There's a published article on that.

11          And any of the damages, we haven't gotten any

12  damages for the Rule 23, and nor are we pursuing it, because

13  that's really merits and that should be in the second phase.

14  And that was what our concern is.  We had asked for the

15  conference, as far as the status goes, we have four first

16  phases, what we consider first phase to make the motion for

17  certification.  We're right on track with the orders saying,

18  hey, try to complete this by September 29th.

19          And I think I have one opt-in plaintiff who

20  recently got a new job and she said could she do it in the

21  middle of October.  And, you know, basically I spoke to my

22  team and said assuming that the discovery that's outstanding

23  is correct, and we think we'd be ready to make our motion

24  for certification about three, four weeks after the end of

25  discovery, which would be like October 24th.  And really the

opt-in plaintiff, I don't know, I haven't discussed it with defense counsel, but I think her first date of availability is October 19th. And if they're available, we could order the rough and we could have our motion for certification by like October 24th I think.

And like I said, I checked with my team, and defendants, after trying to negotiate the two-phase discovery on August 10th, defendants said, you know what -- excuse me. In June we said, hey, we'd like to you know -- because the order said all discovery's complete, but we were focusing first phase. I said let's clarify that, and just do a stipulation that there'll be first phase and second phase. And we sent the stipulation in June, and then defendants e-mailed us I think August 10th saying that, hey, you know what, we don't agree because we've actually produced a lot of stuff and we don't agree. I, like defendants, speak for their own position.

And basically what we have been all about, and certainly our 30(b)(6) and everything else, and not forcing corporate discovery, not asking them to identify corporate. This custodian is not doing any search terms, not doing any of that other stuff, which all goes to merits, because it would be duplicative. You know if the Court grants it, then great. Then we're going to have, you know, then we'll

8

1
2  decide then and come back.  And just like every other case
3  we had, which we've done numerous, numerous cases that you
4  do certification.  If it's granted, then you do all the
5  merits, the Rule 23s and a certification after all the opt-
6  ins join, because there's overlap, you know, etc.
7          THE COURT:   How many opt-ins are there now?
8          MR. ROTH:    None.  Oh, oh, I'm sorry.
9          THE COURT:   You said that there was another one?
10          MR. ROTH:    I apologize.  I thought you meant like
11  notice now.  I think we have 10 and, you know, we're now
12  disclosed to defense counsel one or two are not responsive
13  but, you know, that's where we're at and -- and --
14          THE COURT:   All right.  So you'd like to file a
15  renewed motion for conditional certification by October 24--
16          MR. ROTH:    Assuming we finish, you know, the end
17  of September, which we're on pace for, and assuming that
18  they can conduct the deposition of one of the opt-ins who's
19  got a new job.  Like I said, she gave a date, said she was
20  available October 19th.  I didn't want to come empty handed
21  today without saying, you know, some date in the future, and
22  I don't know if they'll be free that day.  But you know, and
23  if they weren't, we would work with them to get another date
24  and then extend the time to file the certification motion as
25  necessary.  And we have no problem doing the dep, ordering

```
 1                                                      9
 2  the rough, and putting that information in, do the motion in
 3  a couple days.  So that's our position.
 4            THE COURT:  All right.  Mr. Aiken?
 5            MR. AIKEN:   Thank you, Your Honor.  So I guess
 6  most of that was accurate.  I don't know that we are on
 7  track for the end of September.  Here's why -- I think a
 8  couple things.  First, tomorrow we will take our third
 9  plaintiff's deposition.  We've had a heck of a time getting
10  them scheduled.  They've been canceled pretty frequently.
11  There is a plaintiff who we were told was going to withdraw
12  -- was it the day before or two days -- a couple days before
13  we were supposed to take her deposition in Utah.
14            Now they've pulled that back and hadn't committed
15  to whether she's going to withdraw or not.  We don't have a
16  deposition date for her.  So I'd say we have six depositions
17  scheduled out of a total of 12 plaintiffs, and it's
18  September 6th.  So we have -- it's not just me who would
19  take a deposition.  We have others who can and will be
20  available.  We just haven't been getting dates.
21            And I don't believe it's still level to bring to
22  Your Honor to suggest like a failure to abide with
23  discovery.  But to the extent we're talking about whether
24  we're on track, I think we have some concerns with whether
25  we are.
```

```
 1                                                    10

 2              THE COURT:   Okay.

 3              MR. AIKEN:   And in terms of where discovery has

 4    been focused, I would say certainly the 30(b)(6) deposition

 5    was focused on more or less conditional certification

 6    issues.  All of discovery has not been, so I think

 7    singularly focused, Your Honor, we've produced 16,000 pages.

 8    How many documents that is, I don't know exactly, but 16,000

 9    pages.

10              That and I'll tell you, there's been significant

11    follow-up on plaintiff's counsel's side for every

12    communication that's ever gone out to -- about the café in

13    the past three years.  That's, I mean, that's not

14    identifying a policy that makes an exempt worker actually

15    nonexempt.  This is every communication ever, and they've

16    asked for it all, and we have been producing it.

17              So our hesitation on the stipulation was, number

18    1, we weren't willing to limit our -- just as a practical

19    matter -- our deposition of the plaintiffs to just

20    certificate issues.  It's kind of difficult to tell what

21    that would be, actually.  And plaintiff's counsel more or

22    less agreed to that.

23              But the rest of it -- and we suggested the

24    conference, Your Honor, I did, on the phone, and it was in

25    between June and August, that we didn't disappear and
```

1

2  respond.  I had spoken with Mr. Palitz a few times.  I said

3  to him it didn't really -- we weren't quite sure why they

4  were suggesting it kind of in the middle of discovery,

5  because we didn't think discovery had been so focused.  And

6  also, of course, if conditional -- we don't think it should

7  be -- but if conditional certification is granted, naturally

8  Your Honor would take care of what the next phase would be.

9  And if it wasn't granted, then fine.  We have these 12-or-so

10 plaintiffs and certainly we can take merits discovery on

11 that.  So if anything else is needed, we don't think Your

12 Honor would entertain it, nor are we suggesting that there

13 will be no more discovery.

14        And so it's not that we're opposed to saying,

15 okay, there'll be another phase.  The stipulation, frankly,

16 wasn't worded in a way felt covered that and I would say my

17 conversations weren't as open and productive on this were we

18 could work a stipulation.  It was are you going to consent

19 or do we have to go to the court, but this is how I

20 perceived it to be, and so I expressed my reservations and

21 suggested a conference.  So, yeah, thank you.

22        THE COURT:  All right.  Well I will grant

23 additional discovery to the extent that it's needed if the

24 motion for conditional certification is granted.  So what I

25 think makes sense to do is to complete the discovery that

1                                                        12

2   you're doing now, file the motion, and I can decide that.

3   And then based on that decision, there can be a

4   determination of what additional discovery is needed, and

5   then also a schedule to discuss a potential settlement

6   conference.

7          MR. ROTH:   Your Honor, I'm sorry.  I just wanted

8   -- the issue right now between us is the Rule 23s.  There's

9   a New York Rule 23 and an Illinois Rule 23 and we have done

10  -- nor have we sought, you know, and to ask for something

11  and make motions and go to the court are two very different

12  things.  But like we have, we specifically are saying that

13  the Rule 23 would be merits.  So even if the Court should

14  deny the certification then we, at that point, we would say

15  okay, now we will take the Rule 23 discovery because if we

16  don't -- because that Rule 23 discovery will be similarly

17  burdensome on the defendant and they'll be overlapped.

18         THE COURT:   Well the Rule 23 discovery is going

19  to be somewhat duplicative of additional cert discovery,

20  maybe more substantive, but you're going to be looking at

21  the extent to which the putative class members are similarly

22  situated.  So I'm assuming that you're getting some of that

23  information from the 30(b)(6) depositions.  So help me to

24  understand what additional information that you need.

25  Because I don't -- I guess the -- I'm not inclined to order

13

1

2  three phases of discovery, if that's what you're suggesting.

3  I think what we should do is complete the discovery that

4  you're doing now for conditional certifications, and then we

5  can determine what is the next phase.

6        I understand that you are seeking to move for Rule

7  23 certification with respect to state claims.

8        MR. ROTH:   Right, later, and that's what I'm

9  saying.  That would be part of second phase.  I agree with

10  exactly what you're saying.  So first phase conditional and

11  then second phase, if the motion is granted, then that would

12  include the Rule 23.  And if the motion's denied then it

13  would only be for the Rule 23 class members, which would

14  include all the damages analysis, all the merits, all the

15  affirmative defenses, all that stuff.  That would all be in

16  the second phase; that would be part of second phase.  So I

17  agree 100 percent.  So if we lose the conditional cert, it's

18  Rule 23 and if we win the conditional cert, it would be Rule

19  23 discovery and the conditional cert together.  That's

20  exactly -- to the extent that it's applicable.

21        THE COURT:   And merits, I think, because --

22        MR. ROTH:   Yes, yes.

23        THE COURT:   But, Mr. Aiken, tell me if I'm wrong,

24  but I think at the time that plaintiffs move for Rule 23

25  certification, you'll be moving -- counter-moving, for

14

decertification of any FLSA collective as well as opposing

the Rule 23 motion, is that right?

       MR. AIKEN:   Yes, Your Honor.  I'll answer that

question, yeah.  I think there are maybe a couple of issues

that might come up then but yes.

       THE COURT:   Sure.  All right.

       MR. AIKEN:   I have one other discovery issue at

some point, Your Honor, in case you were going to move on.

       THE COURT:   Well let's just talk about the

schedule now because it sounds like you're pretty much on

track to brief a renewed motion for conditional

certification starting on October 24, is that correct?

       MR. ROTH:   Let me just say that I agree that we

are, assuming that we get the depositions completed, and

like I said, we have dates.  And if for some reason that

they got adjourned for some reason at the last second or

something, then we come back and move it back a couple

weeks.  But we are committed to producing our people and

like I said, you know, we've been calling to get dates and

we're ready for that.

       And as far as the one person who's withdrawing, I

think they will be withdrawing.  I think there was confusion

about the fact that -- I don't think that she was in this

position during the time period, so that's issue.  So that's

```
1                                                    15
2   going to be resolved.
3           THE COURT:   Okay.  So let's set a realistic
4   briefing schedule.  What are you -- what does defendant
5   propose?
6           MR. ROTH:   Do you -- we have, like I said, I have
7   dates going.  The last date that I have right now October
8   19th is -- would be the last.  That's as far out.  And I
9   have dates for one, two, three, four -- is this person being
10  done right now, September -- no, there's one Thursday.
11          MR. AIKEN:   Tamira Murphy is being deposed
12  tomorrow.
13          MR. ROTH:   Tomorrow, okay.  And then I have most
14  of these being by September 21st except for one that's
15  October 19th.  And if they're nonresponsive, then they'll
16  have to withdraw.  I mean, I can't force them to show up if
17  they're not going to show up.  But that's our goal.
18          MR. AIKEN:   And then I accept his representation.
19  We don't necessarily have all the dates communicated to us
20  that he may have, but we can work on that.  Your Honor, it's
21  really up to plaintiff's counsel to determine how soon after
22  the last deposition is completed that they need to prepare
23  their motion.
24          THE COURT:   Right.
25          MR. AIKEN:   But it sounds like, assuming even
```

16

1   some of the other dates are going to be filled in before the

2   end of October, at least the end of October, we --

3           THE COURT:   Well how long would you need for your

4   opposition, 30 days?

5           MR. AIKEN:   Yeah, that would be great.

6           THE COURT:   And you think you'll be ready by the

7   24th.

8           MR. ROTH:   Assuming everything goes like as far

9   as -- unless we come up with some other issues.  Like we

10  said, we have some issues between us as far as privilege log

11  which still hasn't been produced, and some other stuff.  I

12  don't -- and like I said, we just got documents last night

13  that may fill in whatever gaps there are, but I haven't

14  looked at.  I got 6,000 documents yesterday.  I haven't

15  looked at them.

16          MR. AIKEN:   And I think there'll be a couple more

17  thousand in the next couple of days.

18          THE COURT:   Okay.  So let's do this.  Let's set

19  the date for the motion for conditional cert for October

20  27th and the reply will be due November 30?

21          MR. AIKEN:   Great, Your Honor.

22          THE COURT:   And then the reply will be due

23  December 14 and then you can have a holiday.  I think we'll

24  get over the holidays.

```
 1                                                    17
 2            MR. AIKEN:   Your Honor, if you don't mind, just
 3  since we're so far in advance -- and I should bring a paper
 4  calendar, because I don't have my phone -- is the 30th the
 5  week after Thanksgiving?
 6            THE COURT:   Yes, it's the Thursday after.
 7            MR. AIKEN:   After Thanksgiving.
 8            THE COURT:   Yes.
 9            MR. AIKEN:   That'd be great.
10            THE COURT:   Okay.  And let's just talk a little
11  bit about additional discovery, because there is the Rule 23
12  issue that has to be decided.  And that's as to the Rule 23
13  as to the New York and the Illinois?
14            MR. ROTH:   Yes, Your Honor.
15            THE COURT:   Okay.  So what additional discovery
16  do you need for that?
17            MR. ROTH:   That would be merits, that would, like
18  I said, that would be covered under -- after the -- the way
19  we envision it, the way we had done it traditionally, I
20  think we even had another case with their firm, Urban
21  Outfitters, and we did it the same way, is that once --
22  although I don't think the Rule 23 is there, but once the,
23  you know, the opt-in period is over, if we get
24  certification, then we go forward and we do -- and it
25  completely overlaps for those states as well as -- because
```

1

2   it would be unlikely that nobody from New York or Illinois

3   would opt in.  They would be part of it, and we would get

4   some discovery from each of those states, along with the

5   other people, so --

6           THE COURT:  Well I guess my question is, is more

7   specific.

8           MR. ROTH:  Oh, okay.

9           THE COURT:  Which is even if I denied the motion

10  for conditional certification, the Rule 23 motion still has

11  to be decided as to the New York and the Illinois classes,

12  right?

13          MR. ROTH:  Right, and then --

14          THE COURT:  So is there specific discovery just

15  as to those classes that have not been taken already that

16  could be taken during the briefing, or do the parties feel

17  that that's too much to do that during the briefing

18  schedule, and you want to wait until after the briefing?  I

19  mean, I think the case should keep moving forward, but

20  that's my question.  What -- is there something discreet as

21  to those or would that be a waste of time because it's too

22  overlapping?

23          MR. ROTH:  I think it would be a waste of time,

24  Your Honor, and it would put an undue burden on the

25  defendants in a lot of different ways for us to be asking

19

1   for stuff that we might not need.  And I really -- I don't -

2   - we've never done it that way.  We've always waited and

3   done all the merits together, because this way they can, you

4   know, they could be overlapping people and I've always

5   personally found that we do it, then it hasn't been an

6   issue.  That's just the way we've done it and I have not --

7   and it would be, I feel it would be -- we have done it

8   before that way, so --

9            THE COURT:   Okay.  Well what is defendant's

10  position?

11           MR. AIKEN:   I agree, slightly different reasons.

12  I think as conditional certification is denied, I think the

13  likelihood that a class counsel wants to continue to pursue

14  this case as a class drops significantly, Your Honor.  And I

15  think that, even without discovery.  And so I think this

16  case -- I think we will have done a lot of discovery without

17  having a use for it if conditional certification is denied

18  while it's happening.

19           So it has been my experience that we wait.  We're

20  not opposed to doing it, Your Honor.  We're happy to do it

21  how Your Honor thinks it's best to manage her own cases.

22  But I have preference with (inaudible).

23           THE COURT:   Well my interest is in not doing

24  unnecessary work.  I don't want to see it cost for both

```
 1                                                  20
 2  sides, so we'll hold off.
 3           MR. AIKEN:    Great.
 4           THE COURT:    So why don't you plan to complete the
 5  discovery by the 19th of October when the last deposition is
 6  scheduled.  And then follow the briefing schedule that I
 7  just mentioned.  And then we'll meet again -- let's schedule
 8  a day in January, the end of January, for a status
 9  conference?
10           MR. AIKEN:    I don't have a calendar, so whatever
11  you say, Judge.
12           THE COURT:    Let's schedule January 31 at 10 for a
13  conference because we'll have to meet regardless of the
14  outcome of the motion.  Okay.
15           MR. ROTH:    Your Honor, I just had one other thing
16  that just in all fairness, I'm only telling counsel October
17  19th right now.  If they have some kind of conflict where
18  they can't do it or something, I have no problem pushing it
19  back, you know, the next -- I mean, he doesn't have his
20  phone, I don't have my phone.  I feel very, you know --
21           THE COURT:    I appreciate your flexibility, but I
22  do think --
23           MR. ROTH:    I'm saying that I --
24           THE COURT:    -- that we ought to keep the case on
25  track.  So I'd like you to try to cooperate on those days.
```

```
 1                                                    21
 2            MR. ROTH:   Okay.  I'm going to.  I'm just saying,
 3   is that if something happens, then I would have no -- I
 4   don't want -- I have no problem calling the Court and
 5   explaining the situation.  Because I know that -- I just
 6   want to reaffirm that I'm only telling you right this
 7   second, at this moment, because I only found out on the way
 8   here, so.
 9            THE COURT:   Okay.
10            MR. ROTH:   Okay.
11            MR. AIKEN:   Your Honor, it's not a problem.  One
12   of the three or four of us will take the deposition and
13   we'll get it done.
14            THE COURT:   All right.  And there's another issue
15   you wanted to raise, Mr. Aiken?
16            MR. AIKEN:   Well, Your Honor, I don't know if
17   it's still an issue, we would seek lead to exceed the 10-
18   deposition limit to take any opt-in plaintiff's depositions.
19   We haven't reached it yet, Your Honor.  The issue is when we
20   try to schedule more than 10, the plaintiff's counsel
21   declined on the basis of the 10-deposition limit.  Now
22   that's actually starting to become difficult because some
23   plaintiffs were kind of canceling and then rescheduling.  So
24   we're not getting the 10, but it seems if we try to schedule
25   more than 10 then that would be denied.  And I don't know
```

who the last 10 will be.

THE COURT:   Well I think given the nature of the case, you may need to take more than 10 depositions.  They may not be full-day depositions, depending -- maybe; maybe not.  What I would ask the parties to do is to cooperate on that, as to what is reasonable because it may be that you may only need to do a sampling, you may not need to take everybody's deposition.

But that's going to be -- that will be up, you know, up to you on how you want to proceed.  I'm not going to tell you how to proceed, but I would ask the parties cooperate regarding that as to what's reasonable. Defendants of course are entitled to their defense.

And to the extent certification is denied, each individual has the individual case.  So at least with respect to the people named, you most likely will need some deposition testimony from them.  But I think it's premature not to say, so just go ahead and write me if there's a particular issue, okay?

MR. AIKEN:   Thank you, Your Honor.

MR. ROTH:   Okay, Your Honor.

THE COURT:   Anything else?

MR. AIKEN:   No.  Thank you, Your Honor.

MR. ROTH:   No, Your Honor.

1                                                              23

2              THE COURT:   Okay.   Good.   Thank you both.   Have a

3     good afternoon.

4                     (Whereupon the matter is adjourned.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                                                                24

2                    C E R T I F I C A T E

3

4         I, Carole Ludwig, certify that the foregoing

5   transcript of proceedings in the United States District

6   Court, Southern District of New York, Brown v. Barnes &

7   Noble, 16cv07333 was prepared using digital electronic

8   transcription equipment and is a true and accurate record of

9   the proceedings.

10

11

12

13

14   Signature_____

15

16   Date:   September 10, 2017

17

18

19

20

21

22

23

24

25