```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KELLY BROWN and TIFFANY STEWART,
Individually and on behalf of all others similarly
situated, as Class/Collective representative,

                                    Plaintiffs,          REPORT AND
                                                         RECOMMENDATION
                -against-
                                                         1:16-cv-07333 (RA) (KHP)
BARNES AND NOBLE, INC.,

                                    Defendant.
------------------------------------------------------------------X
```

**TO:  THE HONORABLE RONNIE ABRAMS, United States District Judge**

**FROM:  KATHARINE H. PARKER, United States Magistrate Judge**

Plaintiff Kelly Brown commenced this action on September 20, 2016 seeking to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and applicable state law. On July 31, 2017, Plaintiff Tabitha McDonald filed a Consent to Join Form in which she joined as a party Plaintiff in this action. (Doc. No. 68.) Other Opt-In Plaintiffs have similarly filed forms to join in the suit.

On September 28, 2017, Defendant filed a letter requesting a pre-motion conference in advance of seeking the dismissal of certain Opt-In Plaintiffs who were not participating in the discovery process. (Doc. No. 78.) In relevant part, Defendant asserted that Plaintiff McDonald had not responded to its discovery requests, nor had she appeared for her deposition or provided her availability to sit for a deposition.

On October 4, 2017, this Court held a conference to discuss Defendant's request. At the October 4, 2017 conference, Plaintiffs' counsel, Mr. Palitz, represented that Plaintiff McDonald also had not responded to counsel's outreaches regarding discovery.

On October 4, 2017, this Court subsequently issued an Order directing Plaintiff McDonald, by October 18, 2017, to provide dates in October and early November on which she available to be deposed, as well as to provide her responses to Defendant's discovery requests to her counsel. (Doc. No. 87.) The Court also ordered Plaintiff McDonald to file a letter with the Court by October 18, 2017 indicating whether she intended to proceed with this litigation or, alternatively, that she wished to withdraw as a plaintiff. The Court warned that failure to comply with these directives would result in Plaintiff McDonald's dismissal from this action for failure to prosecute. The Court also directed Plaintiffs' counsel to serve a copy of the October 4, 2017 Order on Plaintiff McDonald. Plaintiffs' counsel served this Order by mail on Plaintiff McDonald on October 4, 2017. (Doc. No. 89.)

As Plaintiff McDonald has failed to file a letter with the Court as directed in the October 4, 2017 Order, this Court hereby recommends that the instant action be dismissed as to Plaintiff McDonald for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated: October 25, 2017
  New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

**NOTICE**

**The parties shall have fourteen days from the service of this Report and Recommendation to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (*i.e.,* until November 9, 2017).** *See also* **Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). If any party files written objections to this Report and Recommendation, the**

**opposing party may respond to the objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Abrams. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).**