UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
KELLY BROWN and TIFFANY STEWART,                              :
Individually and on behalf of all others similarly            :
situated, as Class/Collective representative,                 :     1:16-CV-07333 (RA)(KHP)
                                                              :
                                                              :
                 Plaintiffs,                                  :
                                                              :
      v.                                                      :
                                                              :
BARNES AND NOBLE, INC.,                                       :
                                                              :
                 Defendant.                                   :
-------------------------------------------------------------- X

# MEMORANDUM OF LAW IN SUPPORT OF BRYAN CAVE LEIGHTON PAISNER, LLP'S MOTION TO QUASH PLAINTIFFS' NON-PARTY SUBPOENA

Nafiz Cekirge
Elizabeth Goldberg
BRYAN CAVE LEIGHTON PAINER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: 212-541-2000

## PRELIMINARY STATEMENT

Plaintiffs served a subpoena (the "Subpoena") dated November 27, 2018 on non-party Bryan Cave Leighton Paisner, LLP ("BCLP") (formerly known as Bryan Cave, LLP)—B&N and its affiliates' legal counsel for over 34 years. BCLP moves to quash the Subpoena pursuant to Fed. R. Civ. P. 45(c)(3) because it is unduly burdensome and seeks privileged information protected from disclosure.

Based on communications with Plaintiffs' counsel, BCLP understands that the Subpoena was triggered by and seeks information related to a proposed 2004 "Job Analysis" of B&N Café Managers. A third party apparently prepared this "Job Analysis" in connection with in a 2003 California state-court litigation styled *Reinard v. Barnes & Noble, Inc.* in which BCLP represented B&N.

The Subpoena should be quashed for two reasons.

First, the Subpoena is unduly burdensome. BCLP has provided legal services to B&N and its affiliates since 1984. Over the course of the representation, over 700 timekeepers billed almost 100,000 hours on at least 406 matters. The volume of electronic and hardcopy information in BCLP's possession is daunting. Now, based on a proposed 14 year-old "Job Analysis," Plaintiffs ask BCLP to go through its files in search of outdated information relating to a jurisdiction excluded from this litigation. It is unduly burdensome to force BCLP to search its voluminous records for information that is, at best, of dubious value to the litigation. Plaintiffs are plainly attempting to use the subpoena power to burden B&N and its counsel into submission.

Second, the Subpoena seeks information that is attorney-client privileged and/or subject to work product immunity. Specifically, the Subpoena seeks communications

between BCLP and B&N regarding the classificafstion of Café Managers and BCLP's analysis and recommendations regarding the classification of Café Managers. This is quintessentially privileged information. Moreover, because the "Job Analysis" appears to have been prepared in connection with the *Reinard* litigation, it and the surrounding documents are protected by work product immunity.

## FACTUAL AND PROCEDURAL BACKGROUND

This putative class action under the Fair Labor Standards Act, Illinois law, and New York law "seeks to recover overtime compensation for Plaintiffs and similarly situated individuals who have worked as Café Managers or in comparable roles with different titles" between 2010 and 2015 (the applicable time frame depends on where the class members resided). (Dkt. # 18 ¶¶ 1, 18, 24, 49, 57, 69.)

Plaintiffs served BCLP with a Subpoena dated November 27, 2018. (Declaration of Nafiz Cekirge ("Cekirge Decl.") ¶ 2.) BCLP has provided legal services to B&N and its affiliates since 1984. (Cekirge Dec. ¶ 3.) Over the course of the representation, over 700 timekeepers billed almost 100,000 hours on at least 406 matters. (Cekirge Dec. ¶ 3.)

Exhibit A to the Subpoena requests ten categories of information (each a "Request"):

1) The complete Barnes & Noble Job Analysis of Café Managers.

2) Documents relating to the methods by which Café Managers were analyzed in connection with the Barnes & Noble Job Analysis.

3) Email relating to the Barnes & Noble Job Analysis of Café Managers, including e-mail between Bryan Cave Leighton Paisner and Barnes & Noble regarding the Job Analysis of Café Managers.

4) Documents identifying the Café Managers analyzed in connection with the Barnes & Noble Job Analysis of Café Managers. This request also seeks documents demonstrating how Bryan Cave Leighton Paisner selected the certain Café Managers for the Job Analysis.

5) Documents describing the reasons why Bryan Cave Leighton Paisner conducted a Job Analysis of Café Managers and why Barnes and Noble, Inc, hired Bryan Cave Leighton Paisner to conduct a job analysis of Café Managers.

6) Documents identifying all employees of Bryan Cave Leighton Paisner who were involved in the Barnes & Noble Job Analysis of Café Managers.

7) Documents demonstrating the percentage of time that Café Managers spent on tasks and duties, including the underlying data associated with Bryan Cave Leighton Paisners's analysis for each Café Manager analyzed.

8) Documents describing any recommendation provided by to Barnes & Noble concerning the Café Manager position, including any documents relating to the manner in which Barnes & Noble, Inc. classified Café Managers as exempt or non-exempt under the Fair Labor Standards Act and other state wage and hour law.

9) E-mails, documents, and communications between Barnes & Noble and Bryan Cave Leighton Paisner regarding the classification of Café Managers.

10) E-mails, documents, and communications between Barnes & Noble and Bryan Cave Leighton Paisner regarding the compensation and overtime pay practices for Café Managers.

(Cekirge Dec., Ex. 1 (quoting the Subpoena).)

In meet and confer communications about the Subpoena, Plaintiffs' counsel advised BCLP that, based on a December 15, 2004, proposal produced by Right Management in response to a subpoena in this litigation, Plaintiffs' counsel believed that BCLP was involved in a legal analysis of B&N Café Managers. (Cekirge Dec. ¶ 4.) On December 13, 2018, Plaintiffs' counsel provided BCLP the triggering "Proposal for Job Analysis and Wage & Hour Study of Café Managers at Barnes & Noble". (Cekirge Dec. ¶ 5, Ex. 2.) The Proposal states that "[t]he primary purpose of this project is to accurately determine what work is performed by Cafe Managers in Barnes & Noble

stores in California, including the relative time they spend . . . ." (Cekirge Dec. ¶ 5, Ex. 2.) The proposed Job Analysis was likely provided in connection with the *Reinard* litigation. (Cekirge Dec. ¶ 6.) BCLP was counsel to B&N in the *Reinard* litigation; the primary attorneys who handled that matter are no longer with BCLP. (Cekirge Dec. ¶ 6.)

## ARGUMENT

Federal Rules of Civil Procedure 45(c)(3)(A)(iii)-(iv) provide that the issuing court "must quash or modify a subpoena" if it: (1) "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or (2) "subjects a person to undue burden."

Here, the Subpoena should be quashed because it (1) is unduly burdensome; and (2) requires disclosure of privileged or other protected matter.

## POINT I
## THE SUBPOENA SHOULD BE
## QUASHED BECAUSE IT IS UNDULY BURDENSOME

A subpoena issued to a non-party under Rule 45 is "subject to the relevancy requirement of Rule 26(b)(1)." *In re Refco Secur. Litig.*, 759 F.Supp.2d 342, 345 (S.D.N.Y. 2011). Factors that courts consider in evaluating whether a subpoena imposes an "undue burden" include "relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03-CV-1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003). The burden is on the party issuing the subpoena to show that the information sought is relevant and material to the allegations and claims at issue in the proceedings. *See id.*

On its face, the Subpoena is unduly burdensome. The Subpoena was triggered by and seeks information relating to a proposed Job Analysis that is approximately 14 years old and relates solely to California. (Cekirge Dec. ¶ 5, Ex. 2.) The relevant time period for this litigation is between 2010 and 2015—beginning six years after the Job Analysis. (Dkt. # 18 ¶¶ 49, 57, & 69.) Plaintiffs have not provided any evidence that any advice that BCLP may have given in 2004 relating to the classification of Café managers is relevant to the litigation that concerns a much later time period. And California—the jurisdiction that the Job Analysis concerns—is specifically excluded from this litigation. (Cekirge Dec. ¶ 5, Ex. 2; Dkt. # 132.)[1] For this reason alone, the information that the Subpoena seeks is irrelevant and forcing third party BCLP to respond to it places an undue burden on it.

But additionally, BCLP has represented B&N and its affiliates since the 1980s in at least 406 matters in which over 700 timekeepers have billed almost 100,000 hours. (Cekirge Dec. ¶ 3.) To force BCLP to search its files for information of dubious value—because it is outdated and relates to a jurisdiction excluded from this litigation—is unduly burdensome.

---

[1] This Court's June 25, 2018 Opinion & Order denying Plaintiffs' renewed motion for conditional class certification notes the different standards for exemption for overtime in California and states that the term Café Managers excludes employees in California during the three years prior to the start of this action. (Dkt. # 132 at n.2.)

## POINT II

### THE SUBPOENA SHOULD BE
### QUASHED BECAUSE IT SEEKS PRIVILEGED MATTER

This Court should also quash the Subpoena because each Request seeks privileged information protected from disclosure. Federal Rule of Civil Procedure 26(b) excludes privileged matter from disclosure, including material that is protected by the attorney-client privilege and work product immunity. *See* Fed. R. Civ. Proc. 26(b)(1) & 26(b)(3).

"The attorney-client privilege protects only communications made in confidence by a client to his attorney for the purpose of obtaining a legal opinion or the performance of a legal service and the legal advice or service rendered in confidence by the attorney." *In re Kaplan*, 110 F.R.D. 161, 163 (S.D.N.Y. 1986). "The work-product immunity shields only the thought processes of the attorney in connection with pending or anticipated litigation, and the tangible results thereof." *Id.*

The attorney-client privilege belongs to the client and the work product privilege belongs to the attorney and the client. *See In re In-Store Advertising Secur. Litig.*, 163 F.R.D. 452 (S.D.N.Y. 1995). A law firm cannot produce documents information protected by these privileges without the client's consent. *See Koch v. Pechota*, 10 Civ. 9152 (RWS), 2013 WL 3892827 at *5 (S.D.N.Y. Jul. 25, 2013).

Here, each of the ten Requests calls for attorney-client and work product privileged information. Requests 3, 8, 9, and 10 seek emails, documents, and/or communications between BCLP and its client relating to either the "Job Analysis," or classification, compensation, and overtime pay practices of, or for, and recommendations about, Café Managers. Thus, these Requests seek confidential

communications and confidential documents between an attorney (BCLP) and its client (B&N) prepared in connection with BCLP rendering legal services to B&N. (Cekirge Dec. Ex. 1.) This is attorney-client privileged information *par excellence*.

Further, to the extent that these documents and communications were prepared in connection with the *Reinard* lawsuit, they are also covered by work product immunity.

Requests 1, 2, and 4 through 7 seek documents and information related to BCLP's purported role with respect to the Job Analysis, including how Café Managers were selected, the date and methods used in the analysis, why BCLP was hired and allegedly conducted the Job Analysis, who at BCLP was involved, and the "complete" Job Analysis. These requests also seek documents prepared by BCLP in rendering legal advice as well as BCLP's legal strategy and documents. This is quintessentially attorney-client privileged information, and again, if related to the *Reinard* suit, quintessentially protected work product. As for the identities of BCLP attorneys advising B&N, the Subpoena does not demonstrate how such information is relevant.

## **CONCLUSION**

For the foregoing reasons, the Court should grant BCLP's motion and quash the Subpoena, and provide for such other relief as the Court deems necessary and proper.

Dated  December 21, 2018
       New York, New York

**BRYAN CAVE LEIGHTON PAISNER LLP**

_____/s/Nafiz Cekirge_____
Nafiz Cekirge (NC-0957)
Elizabeth Goldberg (EJG-3373)
1290 Avenue of the Americas
New York, New York  10104
Tel:  (212) 541-2000; Fax: (212) 541-4630