```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/15/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KELLY BROWN, *et al.*,

                      Plaintiffs,

v.

BARNES & NOBLE, INC.,

                      Defendant.

No. 16-CV-7333 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiffs, former café managers at various Barnes & Noble bookstores throughout the country, allege that Defendant failed to properly compensate them pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for hours worked over forty hours per week between November 2013 and October 2016. On November 22, 2016, Plaintiffs moved before Magistrate Judge Parker for conditional certification of a collective action on a nationwide basis and court-authorized notice, which Judge Parker denied without prejudice on May 2, 2017. The parties then engaged in six months of discovery, at the end of which Plaintiffs renewed their conditional certification and notice motion (the "renewed certification motion").

    Now before the Court is Judge Parker's Opinion & Order (the "Opinion") denying Plaintiffs' renewed certification motion. *See* Dkt. 132. In it, Judge Parker concludes that Plaintiffs have failed to show that café mangers were "similarly situated as to an alleged common FLSA violation," and conditional certification on a nationwide basis was therefore "not an appropriate case management tool in this case." Opinion at 45.

    Plaintiffs timely filed objections to the Opinion, Defendant responded, and Plaintiffs replied.

## STANDARD OF REVIEW

With respect to non-dispositive motions, such as those for conditional certification of a collective action pursuant to FLSA, a district court "must consider timely objections and modify or set aside any part of [the Opinion] that is clearly erroneous or contrary to law." Fed. Rul. Civ. P. 72(a); *Alcantra-Flores v. Vlad Restoration Ltd.*, 16-CV-3847 (MKB)(RML), 2017 WL 1655187, at *1 n.2 (E.D.N.Y. May 2, 2017) ("[A] motion for conditional FLSA certification is a non-dispositive motion and therefore reviewed pursuant to Fed. R. Civ. P. 72(a)"). A decision is "clearly erroneous" when the Court is, "upon review of the entire record [ ] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)). A ruling is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Roth v. United States*, No. 09 CV 8712 (GBD)(LMS), 2011 WL 2947004, at *1 (S.D.N.Y. July 19, 2011). Thus, "[t]he party seeking to overturn a magistrate judge's decision [] carries a heavy burden." *Id.*

## DISCUSSION

The Court concludes that Judge Parker's decision to deny Plaintiffs' renewed certification motion was neither clearly erroneous nor contrary to law.

In their objections, Plaintiffs principally contend that the Judge Parker abused her discretion by applying the so-called "modest plus" approach to conditional certification articulated in *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475 (S.D.N.Y. 2016). According to

2

Plaintiffs, this standard both conflicts with the one set forth by the Second Circuit in *Myers v. Hertz*, 624 F.3d 537, 555 (2d Cir. 2010), and "deviates from the heavy weight of [district court] authority in this Circuit" holding that FLSA plaintiffs seeking conditional certification of a collective action "need only make a 'modest factual showing'" that other employees in the prospective collective action had similar "job requirements," "were subject to similar 'pay provisions,'" and were "classified as exempt pursuant to a common policy or scheme." Pls.' Objections at 13 (quoting *Myers*, 624 F.3d at 537). The Court disagrees.

In her opinion, Judge Parker rightly observed that this matter presented a "close question," as many of the courts in this district have "called for a lenient standard in reviewing a motion for conditional certification." Opinion at 41. Nevertheless, due to the "unique procedural position" of this case—namely, that "the parties completed six months of discovery targeted to conditional certification"—she found it appropriate to adopt "the "modest plus" approach utilized in *Korenblum*. *Id.*

In *Korenblum*, current and former employees of two staffing agencies sought conditional certification of a collective action pursuant to the FLSA, alleging that the company's billing arrangements denied them overtime pay. Citing the *Hertz* case, Judge Furman noted that district courts typically apply a "two-step method" when deciding whether to conditionally certify a collective action under the FLSA, the first step of which requires only a "modest factual showing," "based on the pleadings, affidavits and declarations submitted by the plaintiff," that "potential opt-in plaintiffs may be similarly situated to the named plaintiffs." *Id.* at 480 (internal quotation marks omitted), 482 (quoting *Myers*, 624 F.3d at 555).[1] But Judge Furman also

---

[1] At the second step, after the opt-in period, district courts, "on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555.

3

recognized that "neither law nor logic supports rigidly applying [this standard] of review at all points prior to discovery's close," *id.* at 480-81, and that courts had "reasoned that the degree of scrutiny applied should increase in proportion to the discovery that has been conducted." *Id.* at 481. For that reason, courts had "either applied, or expressly remained open to applying" greater scrutiny where—as in *Korenblum*— "discovery with respect to conditional certification ha[d] been completed." *Id.* Accordingly, Judge Furman applied a "modest plus" approach to the facts before him pursuant to which the district court "consider[ed] the evidence submitted by both parties" so as to determine whether "it is more likely than not that a group of similarly situated individuals may be uncovered by soliciting opt-in plaintiffs." *Id.* at 482.

Judge Parker did not act contrary to *Myers* in adopting Judge Furman's well-reasoned standard of review. She correctly recognized, as Judge Furman did in *Korenblum*, that although the Second Circuit in *Myers* characterized the modest, two-step standard followed by most district courts in FLSA cases as "sensible," the Second Circuit also made clear that this approach was "not required by the terms of FLSA or the Supreme Court's cases," and that district courts may "certify collective actions solely by exercising their discretion, in appropriate cases." *Korenblum*, 195 F. Supp. 3d at 482 (quoting *Myers*, 624 F.3d at 537). Furthermore, Judge Parker's decision to adopt the "modest plus" standard made eminent sense in the instant case. As in *Korenblum*, discovery with respect to conditional certification had been fully completed, which had involved fourteen depositions and tens of thousands of pages in document discovery. "Given the discretionary, managerial nature of thi[s] inquiry," *id.* at 482, Judge Parker thus did not commit clear error by determining that conditional certification would not be an appropriate case management tool in the particular circumstances presented here.

4

Nor, contrary to Plaintiffs' assertion, did Judge Parker fail to consider whether café managers had similar job duties, were paid similarly, and were "classified as exempt pursuant to a common policy or scheme." Pls' Objections at 13. Indeed, she analyzed these considerations in depth throughout her detailed Opinion, but ultimately concluded that they did not weigh in support of conditional certification. *See* Opinion at 16-41.

Plaintiffs next argue that, even if it was appropriate for Judge Parker to rely on *Korenblum*, she "set a standard well beyond [that case's 'modest plus' standard]" by requiring Plaintiffs to prove the merits of their claim. Pls.' Objections at 17. According to Plaintiffs, Judge Parker did not simply evaluate whether the prospective plaintiffs had similar employment duties. Rather, Plaintiffs argue that the Opinion went considerably further, requiring them to prove that café managers primarily performed non-exempt, managerial work "before merits discovery even occurred and before the unnamed Café Managers even joined the case." *Id.*

Once again, Plaintiffs' argument fails. Plaintiffs are correct that it would have been inappropriate for Judge Parker to have "decid[ed] the ultimate merits of the case or issues better suited for a decertification motion." *Korenblum*, 195 F.3d at 482. She did not require the purported plaintiffs to prove, however, that café managers were non-exempt employees. Rather, in evaluating whether the potential plaintiffs were similarly situated to the named plaintiffs with respect to their job roles, Judge Parker determined that the evidence demonstrated that some café managers "may have performed more managerial duties than others." Opinion at 36. In making this determination, it was entirely appropriate for her to have examined the nature of the job duties at issue, and considered whether café managers were similarly situated with respect to their allegedly non-exempt employment tasks. *See Myers*, 624 F.3d at 555 (stating that, in an FLSA exemption case, plaintiffs must make some showing, and courts are to consider, whether

"the other employees ... are similarly situated with respect to their job requirements and with regard to their pay provisions, on which the criteria for many FLSA exemptions are based") (internal quotation marks omitted). It was also proper for Judge Parker to consider, and to ultimately determine, that "[t]he size and scope of the proposed collective" and the resulting difficulties in soliciting additional opt-ins would "undermine rather than promote efficiency." Opinion at 44.

Finally, Plaintiffs contend that, under any standard, they have produced adequate evidence to satisfy their burden for conditional certification. The Court has reviewed Judge Parker's thorough and well-reasoned Opinion, and finds no clear error in this respect. Based on the evidence presented by both parties regarding conditional certification, it was reasonable for Judge Parker to have concluded that Plaintiffs had failed to show that Barnes & Noble's café managers nationwide were similarly situated with respect to the nature of their employment, and to therefore deny Plaintiffs' renewed certification motion.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs' objections to Judge Parker's Opinion & Order are denied, and the Opinion is affirmed.

SO ORDERED.

Dated: October 15, 2019
New York, New York

Ronnie Abrams
United States District Judge

---

[2] Because Judge Parker did not abuse her discretion in denying Plaintiffs' renewed certification motion in this case, the Court does not address Plaintiffs' assertion that she clearly erred in denying Plaintiffs' motion for equitable tolling or ordering discovery before allowing Plaintiffs to (re)seek conditional certification. *See* Pls.' Objections at 16. Nor, in any event, did Plaintiffs timely object to these July and September 2017 orders. *See* Dkts. 66, 74.