UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
KELLY BROWN and TIFFANY STEWART,
*Individually and on behalf of all others similarly situated, as Class/Collective representative*,

                                     Plaintiffs,

  -against-

BARNES AND NOBLE, INC.,
                                  Defendant.
-----------------------------------------------------------------X

**OPINION AND ORDER**
1:16-CV-07333 (RA)(KHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/05/2020

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Defendant Barnes and Noble, Inc. ("BN") has moved for reconsideration in part of this Court's Opinion & Order (ECF No. 276) dated December 23, 2019, granting in part Plaintiff's motion to compel production of certain documents on BN's privilege log, granting Plaintiff's motion for an award of fees and costs associated with their motion to compel, and denying BN's motion for fees and costs.[1] (ECF No. 278)

      The Court may grant a motion for reconsideration when there has been an intervening change of controlling law, if the Court overlooked controlling decisions or factual matters before it, if new evidence has been discovered that warrant revisiting the prior decision, or to correct a clear error or prevent manifest injustice. Local Rule 6.3; *Arthur Glick Truck Sales, Inc.*

---

[1] A large amount of the documents in the sample were not privileged or work product. These must be produced, and BN does not challenge the Court's ruling as to these documents. Some of the remaining documents that are privileged and/or work product referred in whole or in part to advice concerning a position other than Café Manager. The Court found these documents could be withheld or redacted. BN does not question the Court's ruling on these. The focus of the motion are documents reflecting legal advice or work product pertaining to the classification of the Café Manager position.

1

*v. Stuphen East Corp.*, 965 F. Supp. 2d 402, 405 (S.D.N.Y. 2013); *Franza v. Stanford*, 18 civ. 10893, 2020 U.S. Dist. LEXIS 1771, *2 (S.D.N.Y. 2020).

BN does not state the basis for its motion. Rather, it appears to argue that this Court made a mistake by ordering production of documents that do not show that BN received the specific advice that Café Managers nationwide were legally entitled to overtime pay under the Fair Labor Standards Act during the relevant time period. It is true that the sample documents the Court reviewed did not reflect such explicit advice. Rather, they pertained to the process of classifying the Café Manager position as exempt or non-exempt and evaluating whether it was properly classified. The Court found that these documents bear on BN's good faith defense because they reflect deliberations and input about how to classify the position and are relevant to discerning BN's state of mind regarding classification of the position outside of California.[2]

BN suggests that a privileged document must explicitly advise on whether the position should be exempt or non-exempt before a waiver is found. The law on waiver is not this narrow. As the Court noted in its decision, the rationale for finding waiver is that a plaintiff is *entitled to explore* whether the defendant acted contrary to legal advice when classifying a position as exempt from overtime or minimum wage requirements. Such evidence would undermine the defense of good faith. (ECF No. 276 p. 20) (*citing Wang v. Hearst Corp.*, 2012 WL 6621717 (S.D.N.Y. Dec. 19, 2012), and *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607 (S.D.N.Y. 2014)).

---

[2] The position was treated as non-exempt in California due to state law there.

To the extent BN suggests that the Court should review all documents on its privilege log and determine for itself whether they might undermine the Defendant's good faith defense and order BN to produce a document only if the Court determined it did undermine the defense, its suggestion is rejected. This is not the function of the Court in discovery. Rather, because BN has asserted a defense of good faith based on its employees' good faith evaluation of the Café Manger position—an evaluation reached in consultation with counsel—this Court held that BN had waived privilege and work product with regard to documents related to their evaluation or reevaluation of the position's classification. Plaintiffs' counsel may explore these documents and determine whether they undermine Defendant's good faith defense. As Plaintiff's properly point out that the good faith defense involves an inquiry into state of mind. The documents in question pertain to BN's state of mind. See *In re County of Erie*, 546 F.3d 222, 228-29 (2d Cir. 2008). The documents also relate to the steps BN took to learn about the Fair Labor Standards Act and them comply with it—other factors relevant to the defense of good faith. *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999). BN does not point to any controlling law that this Court overlooked warranting reconsideration of the Court's prior ruling.[3]

To the extent BN reads this Court's prior decision as requiring a wholesale production of all privileged work product documents that pertain to the Café Manager Position, it is incorrect.

---

[3] The wage and hour cases cited by BN do not support BN's position but rather support this Court's decision on privilege waiver. See *Wang v. Hearst*, 2012 WL 6621717 (S.D.N.Y. Dec. 19, 2012)(in FLSA case, privilege waived as to communications bearing on Defendant's state of mind because good faith defense asserted); *Nelson v. Sabre Companies, LLC*, 2018 WL 4030533 (N.D.N.Y. July 9, 2018) (Court recognized that a party may waive privilege by affirmatively asserting good faith defense in an FLSA action; holding that waiver cannot result from mere denial of claim of willfulness and that pleading a statute of limitations defense does not put Defendants' state of mind in issue for purposes of privilege waiver; but ordering production of privileged communications pertaining to classification of position because good faith affirmative defense had been asserted).

This Court's holding was not that broad. All the documents the Court reviewed pertained to a review of the classification of the Café Manager position and an audit of job duties and responsibilities. The Court's ruling should not be read, and the Court did not hold, as BN suggests, that "asserting the good faith defense, by itself, waives privilege and work product protections for all communications relevant to the case." Just by way of example, nothing in the Court's Order required production of privileged communications and work product related to this specific lawsuit, including pre-litigation discussions after any threat of litigation was made. The waiver finding pertains only to communications and work product relating to a review of the classification of the Café Manager position and an audit of job duties and responsibilities and communications about same.

It also is not true that assertion of a good faith defense would always result in a waiver. For example, when a good faith defense is based on a specific Department of Labor regulation or opinion letter, there would be no waiver of the kind found in this case.

Additionally, it was BN's choice to assert a good faith defense. BN could have avoided any waiver by not asserting the good faith defense. It also can choose to withdraw the defense. BN could have elected simply to rely on facts relating to the position's primary duties during the relevant period rather than injecting motivation. In any case, as the Court in *Scott v. Chipotle Mexican Grill, Inc.* recognized, the implied waiver rule encourages companies to receive competent legal advice and follow it. 67 F. Supp.3d 607, 617 (S.D.N.Y. 2014).

Having failed to demonstrate that there has been an intervening change of controlling law, that the Court overlooked controlling decisions or factual matters before it, that new

evidence has been discovered that warrant revisiting the prior decision, clear error or manifest injustice, BN's motion for reconsideration is denied with respect to the Court's waiver finding.

Next, BN objects to this Court's award of fees and costs because it did not act in bad faith. It is true that this Court did not find that BN acted in bad faith. Rule 37 does not require a finding of bad faith. Fed. R. Civ. . 37(a)(5)(A). As the Court explained in its Order, a prevailing party on a motion to compel can secure an expense sanction award even if the losing party offers proof that it acted in subjective good faith. (ECF No. 276 a p. 22) The Court properly exercised its discretion in awarding Plaintiffs their fees and costs associated with the motion. The decision was based in large part on BN's withholding of documents that were not privileged at all.

Again, having failed to demonstrate that there has been an intervening change of controlling law, that the Court overlooked controlling decisions or factual matters before it, that new evidence has been discovered that warrant revisiting the prior decision, clear error or manifest injustice, BN's motion for reconsideration is denied with respect to the Court's award of fees and costs.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration is denied. BN is directed to review the remaining documents on its log and produce documents to the extent consistent decision. BN shall produce the documents by no later than **March 31, 2020.** Plaintiffs shall file a letter with the Court within a week after receiving the documents to let the Court know whether any additional follow-up discovery is needed and the reasons therefore. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 278. Plaintiffs are directed to submit their motion for fees and costs by no later than March 31, 2020. BN shall have two weeks to oppose the motion. No reply.

**SO ORDERED.**

**March 5, 2020**
**New York, New York**

_____
**KATHARINE H. PARKER**
**United States Magistrate Judge**