UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY BROWN and TIFFANY STEWART, individually and on behalf of all others similarly situated, as Class/Collective representatives,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>BARNES AND NOBLE, INC.,<br><br>　　　　　　　　　　　　　Defendant. | ECF CASE<br><br>Case No. 16-cv-07333 (MKV) (KHP)<br><br>Oral Argument Requested |

___

**DEFENDANT BARNES & NOBLE, INC.'S OBJECTIONS PURSUANT
TO RULE 72 OF THE FEDERAL RULES OF CIVIL PROCEDURE TO
THE ORDERS OF THE MAGISTRATE JUDGE:  (1) COMPELLING THE
PRODUCTION OF PRIVILEGED DOCUMENTS AND AWARDING
FEES AND COSTS; AND (2) DENYING RECONSIDERATION**

___

FAEGRE DRINKER BIDDLE & REATH LLP

Daniel H. Aiken, Esq. (*pro hac vice*)
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103-6996
Telephone:  (215) 988-2942
Facsimile:  (215) 988-2757
E-mail:  daniel.aiken@faegredrinker.com

Brooke Razor, Esq. (*pro hac vice*)
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103-6996
Telephone:  (215) 988-2936
Facsimile:  (215) 988-2757
E-mail:  brooke.razor@faegredrinker.com

William R. Horwitz, Esq.
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
Telephone:  (212) 248-3140
Facsimile:  (212) 248-3141
E-mail:  william.horwitz@faegredrinker.com

Attorneys for Defendant
Barnes & Noble, Inc.

122150268

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

PROCEDURAL HISTORY .................................................................................................... 4

ARGUMENT ........................................................................................................................... 7

    I.    Compelling The Production Of Privileged And Work Product Documents Not Conveying Advice As To The Classification Of Café Managers Was Erroneous And Contrary To Law ........................................................................... 7

    II.   Awarding Fees And Costs Was Erroneous and Contrary to Law ....................... 10

CONCLUSION ....................................................................................................................... 15

122150268

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*99 Wall Dev. Inc. v. Allied World Specialty Ins. Co.*,
   2019 WL 2482356 (S.D.N.Y. June 14, 2019) .................................................................... 14

*In re County of Erie*,
   473 F.3d 413 (2d Cir. 2007) ................................................................................................ 7

*Cuno, Inc. v. Pall Corp.*,
   121 F.R.D. 198 (E.D.N.Y. 1988) ...................................................................................... 14

*Greater New York Taxi Association v. City of New York*,
   2017 WL 4012051 (S.D.N.Y. Sept. 11, 2017)................................................................... 14

*Ottati v. City of Amsterdam*,
   2009 WL 10722418 (N.D.N.Y. July 22, 2009) ................................................................. 10

*Scott v. Chipotle Mexican Grill, Inc.*,
   67 F. Supp. 3d 607 (S.D.N.Y. 2014)......................................................................... 8, 9, 12

*TNI Packaging, Inc. v. Perdue Farms, Inc.*,
   2006 WL 6654885 (N.D. Ill. Feb. 28, 2006) ..................................................................... 14

*Wang v. Hearst Corp.*,
   2012 WL 6621717 (S.D.N.Y. Dec. 19, 2012) ...................................................... 5, 8, 13, 14

**STATUTES, RULES & REGULATIONS**

Fair Labor Standards Act .......................................................................................................... 1

Fed. R. Civ. P. 37(a)(5)(A)................................................................................................ 10, 11

122150268

**PRELIMINARY STATEMENT**

By way of background, plaintiffs are former Café Managers who contend that, during their employment, Barnes & Noble, Inc. ("Barnes & Noble") improperly classified them as exempt from the requirements of the Fair Labor Standards Act ("FLSA") and denied them overtime pay. Barnes & Noble maintains that it properly classified plaintiffs as exempt. Plaintiffs have failed in both of their attempts to obtain conditional certification of this case under the FLSA but are still pursuing state-law based class actions and the individual claims of about 35 "opt-in" plaintiffs. (ECF Nos. 51, 132).

The basis of this appeal is the Magistrate Judge's misapplication of the so-called "fairness doctrine" with regard to Barnes & Noble documents withheld from production on the basis of the attorney-client privilege and work product doctrine. The existence of legal advice that is potentially contrary to a party's position on a key issue is a prerequisite to finding that the "fairness doctrine" requires the waiver of the attorney-client privilege with respect to such advice. If there is no advice, then the fairness doctrine is not implicated. Nevertheless, despite finding that the documents Barnes & Noble submitted, according to this District's precedent, for *in camera* review did not contain the requisite advice concerning the key issue in this case, the Magistrate Judge nevertheless found an expansive waiver of the privilege and ordered the production of all documents on Barnes & Noble's Privilege Log. Additionally, without any stated basis whatsoever (other than stating it was not prohibited), the Magistrate Judge imposed sanctions on Barnes & Noble. Accordingly, Barnes & Noble objects to the Orders issued by the Magistrate Judge: (1) granting Plaintiffs' Motion to Compel the Production of Privileged Documents and awarding

1

fees and costs (ECF No. 276) ("Decision #1"); and (2) denying Barnes & Noble's Motion for Reconsideration (ECF No. 295) ("Decision #2").[1]

For more than a year, the parties have argued over whether Barnes & Noble is required to produce otherwise privileged documents relevant to the Café Manager position. Plaintiffs have argued that they are entitled to such documents because Barnes & Noble has asserted that its decision to classify the Café Managers as exempt was made in "good faith," thereby, according to plaintiffs, waiving the attorney-client privilege and work product doctrine under the "fairness doctrine." Barnes & Noble has primarily argued that, regardless of the applicability of the fairness doctrine generally, it does not apply in this case because Barnes & Noble is not in possession of any documents reflecting advice with respect to whether it should—or should not—classify Café Managers as exempt. The parties have debated this issue during Court Conferences, oral argument, and in written submissions to the Court, culminating—after an *in camera* review of 50 documents from the Privilege Log—in Decision #1 and Decision #2. Barnes & Noble objects to those decisions as they are clearly erroneous and contrary to law.

In Decision #1, the Magistrate Judge confirmed that, as Barnes & Noble had long maintained, none of the documents reflected on its Privilege Log contain advice from counsel as to the proper classification of Café Managers. However, the Magistrate Judge ruled that Barnes & Noble must nonetheless produce communications with counsel that "pertain to the Café Manager position." (Decision #1 at p. 21). In Decision #2, the Magistrate Judge denied Barnes & Noble's Motion for Reconsideration but effectively narrowed the scope of the initial ruling, indicating that Barnes & Noble must produce "only … communications and work product relating to a review of the classification of the Café Manager position and an audit of job duties and

---

[1] Decision #1 and Decision #2 are attached respectively as Exhibits 1 and 2 to the accompanying Declaration of Daniel H. Aiken, Esq.

2

responsibilities and communications about same." (Decision #2 at p. 4). The Magistrate Judge, without stating a rationale, imposed sanctions on Barnes & Noble in Decision #1 and then, in Decision #2, reiterated the sanctions and provided a rationale at odds with precedent and the prior decision.

Even narrowed, the Magistrate Judge's ruling significantly exceeded the scope of prior decisions in this District. Moreover, the ruling abandoned the standard that the parties and the Magistrate Judge had been following all along in this case and that other courts have followed, which was whether the employer received advice of counsel as to the proper classification of the employees at issue. Again, plaintiffs argued for the production of communications reflecting legal advice as to the proper classification of Café Managers, and Barnes & Noble argued, as the Magistrate Judge affirmed, that no such communications exist. At no time did the Magistrate Judge indicate that the Court would look beyond such communications and apply a different standard. No basis existed for doing so. In compelling the production of documents on Barnes & Noble's Privilege Log, Decision #1 and Decision #2 were clearly erroneous and contrary to law.

The Magistrate Judge also erred in awarding fees and costs to plaintiffs in connection with the Motion to Compel. In Decision #1, the Magistrate Judge ordered Barnes & Noble to pay costs because: (1) it "presented no real argument against Plaintiffs' allegation that, by virtue of asserting a good faith defense, [Barnes & Noble] waived privilege and work product protection as to communications pertaining to the Café Manager position"; and (2) Barnes & Noble "did not address the wage and hour cases in this District that are on point on this issue." (Decision #1 at p. 22). In its Motion for Reconsideration, however, Barnes & Noble refuted those justifications.

In Decision #2, after acknowledging that Barnes & Noble had not acted in bad faith, the Magistrate Judge cited a new basis for the decision and, by implication, for awarding fees and

3

122150268

costs, asserting that the award "was based in large part on [Barnes & Noble]'s withholding of documents that were not privileged." (Decision #2 at p. 5). Notwithstanding these shifting rationales, Barnes & Noble had followed existing precedent by presenting the challenged documents to the Court for *in camera* review for the Court to determine whether disputed documents are privileged rather than simply producing them to plaintiffs. Thus, Barnes & Noble's conduct was substantially justified and the circumstances render an award of fees and costs unjust.

Because Decision #1 and Decision #2 are clearly erroneous and contrary to law, Barnes & Noble respectfully asks the Court to reverse them.

## PROCEDURAL HISTORY

Plaintiffs in this case have long sought the production of Barnes & Noble's privileged and work product documents. Toward that end, plaintiffs have issued discovery demands to Barnes & Noble seeking such documents and have issued subpoenas to Barnes & Noble's outside law firms. These steps have prompted ongoing discovery disputes, which have been fully aired in front of and refereed by the Magistrate Judge.

During a Court Conference with the Magistrate Judge on January 3, 2019, plaintiffs' counsel argued for the production of Barnes & Noble's communications with counsel conveying advice as to the classification of Café Managers. Plaintiffs stated: "If there was advice, it needs to be produced." (1/3/19 Tr. 6:15-16).[2] Defense counsel responded: "I've searched myself, no advice was given [by counsel] with respect to whether the café managers should or should not be classified as exempt." (1/3/19 Tr. 14:6-8). Defense counsel reiterated: "we're not aware of any advice from a law firm with respect to whether café managers should or should not be classified as exempt." (1/3/19 Tr. 14:24 to 15:1). Based on the lack of any such advice, which was and

---

[2] The transcript of the January 3, 2019, Court Conference is attached as Exhibit 3 to the accompanying Declaration of Daniel H. Aiken, Esq.

4

122150268

remains true, the Magistrate Judge denied plaintiffs' request for Barnes & Noble's communications with its counsel.

The parties appeared for another Court Conference with the Magistrate Judge on March 12, 2019, and the focus again was on whether any communications existed from counsel advising Barnes & Noble as to the proper classification of Café Managers. Defense counsel affirmed that he had conducted a review of Barnes & Noble e-mails and found no e-mails from counsel conveying advice to Barnes & Noble as to the proper classification of Café Managers. He explained: "So my entire exercise was to confirm the lack of any advice." The Magistrate Judge responded "Right" and defense counsel confirmed "And that's what I've done." (Tr. 3/12/19 at 9:25 to 10:2).[3]

Barnes & Noble continued to accurately represent that no such documents existed. However, plaintiffs—without any basis—insisted otherwise, essentially stating that defense counsel was lying. *See* ECF 273 at p. 8 ("Defendant misrepresented to the Court and Plaintiffs' Counsel that it never received such advice"). During a Status Conference on October 10, 2019, the Magistrate Judge conducted an *in camera* review of seven documents selected by plaintiffs from the Barnes & Noble Privilege Log. In so doing, the Magistrate Judge followed precedent in this District. *See*, *e.g.*, *Wang v. Hearst Corp.*, 2012 WL 6621717, *3 (S.D.N.Y. Dec. 19, 2012)) (holding that the fairness doctrine required ordering the production of a privilege log and documents for *in camera* review to determine if the documents on the privilege log in fact contained contrary legal advice). Following the *in camera* review, the Magistrate Judge upheld

---

[3] The transcript of the March 12, 2019, Court Conference is attached as Exhibit 4 to the accompanying Declaration of Daniel H. Aiken, Esq.

122150268

the designations (with one minor exception)[4] and stated to plaintiffs' counsel: "So what [defense counsel] has said about these [e-mails] appear[s] to be correct." The Magistrate Judge continued: "these particular ones that I've looked at don't appear to be material to proof that you would need for anything." (Tr. 10/10/19 at 16:13-18).[5]

The Magistrate Judge then ordered Barnes & Noble to submit 50 additional documents, to be selected by plaintiffs, for *in camera* review. (ECF No. 251). Barnes & Noble submitted the documents, reiterating that none contain advice as to the proper classification of Café Managers. (ECF No. 264) ("the *in camera* review will confirm the point we have made repeatedly: we are unaware of any e-mails or other documents in which Barnes & Noble received advice from counsel regarding the proper classification of Café Managers") (ECF No. 268) ("none of [the 50 documents submitted for *in camera* review] contain advice from an attorney to Barnes & Noble regarding whether Café Managers should be classified as exempt or non-exempt"). Thus, the single question that guided the parties' arguments and privilege analysis since at least January 2019 was whether Barnes & Noble's documents contained advice concerning the proper classification of Café Managers.

In Decision #1, the Magistrate Judge confirmed Barnes & Noble's repeated representation. According to the Magistrate Judge, "none of the documents reviewed contain advice from [Barnes & Noble's] lawyers as to the proper classification of Café Managers during the relevant period" and "none contain an opinion that Café Managers should or should not be classified as exempt."

---

[4] The Court stated that one document (PSTs121-00371352), an e-mail from a Barnes & Noble in-house attorney to outside counsel, was not privileged because it sought to schedule a telephone call and did not, in the Court's opinion, solicit or contain legal advice. (Tr. 23:15 to 24:1).

[5] The transcript of the October 10, 2019, Court Conference is attached as Exhibit 5 to the accompanying Declaration of Daniel H. Aiken, Esq.

6

122150268

(Order at p. 21, n. 6). Nonetheless, the Magistrate Judge ordered the production of Barnes & Noble's privileged and work product documents and awarded fees and costs to plaintiffs, reasoning—contrary to the Magistrate Judge's explicit findings—that the fairness doctrine required their production and the sanctions award. (ECF No. 276).

Barnes & Noble filed a Motion for Reconsideration, which the Magistrate Judge denied on March 5, 2020. (ECF No. 295).

## ARGUMENT[6]

### I. Compelling The Production Of Privileged And Work Product Documents Not Conveying Advice As To The Classification Of Café Managers Was Erroneous And Contrary To Law.

In deciding the Motion to Compel, the Magistrate Judge properly observed that, "to trigger a waiver" of the attorney-client privilege and work product doctrine, a party generally "'must *rely* on privileged advice from his counsel to make his claim or defense.'" (Decision #1 at p. 16) (*quoting In re County of Erie*, 473 F.3d 413, 418-19 (2d Cir. 2007)) (emphasis in original). The Magistrate Judge further observed that a party asserting the good faith defense may, under certain circumstances, place the advice of counsel in issue. (Decision #1 at p. 16). In particular, the Magistrate Judge stated that courts in the Southern District of New York "have found an implied waiver of attorney-client privilege and work product protection in cases where the claim involves the proper classification of a position under the FLSA." (Decision #1 at p. 20). The Magistrate Judge set forth the rationale for this "fairness doctrine" as follows:

> The rationale for finding waiver is that a plaintiff is entitled to explore whether the defendant acted contrary to legal advice when classifying a position as exempt from overtime or minimum wage

---

[6] Barnes & Noble incorporates by reference the arguments (and supporting papers) it presented to the Magistrate Judge in connection with the Motion to Compel and the Motion for Reconsideration including those set forth in: (1) Defendant Barnes & Noble, Inc.'s Memorandum of Law in Opposition to Plaintiffs' Motion to Compel (ECF No. 268); (2) Defendant Barnes & Noble, Inc.'s Motion for Reconsideration (ECF No. 279); and (3) Barnes & Noble, Inc.'s Reply in Further Support of Its Motion for Reconsideration (ECF No. 287).

7

>requirements. Such evidence would undermine the defense of good faith. A waiver has been found even when the defendant asserted that it was not relying on advice of counsel.

(Decision #1 at p. 20) (*citing Wang v. Hearst Corp.*, 2012 WL 6621717 (S.D.N.Y. Dec. 19, 2012), and *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607 (S.D.N.Y. 2014)).

In the cases cited by the Magistrate Judge, courts reasoned that it would be unfair to allow the defendants to assert the good faith defense while precluding the plaintiffs from reviewing advice from counsel that is inconsistent with that defense. However, the circumstances in those cases are not present here. In *Wang*, the Court did not compel production of privileged documents to the plaintiffs but merely ordered their submission for *in camera* review to determine whether they contained advice from counsel as to classification. *Wang v. Hearst Corp.*, 2012 WL 6621717 at *3. That is precisely what has happened in the instant matter. Here, the Magistrate Judge has already conducted an *in camera* review and found no documents containing classification advice. Thus, *Wang* not only does not provide a basis for compelling production of Barnes & Noble's documents and imposing sanctions, to the contrary, it makes clear that defendants in Barnes & Noble's position do not need to produce documents directly to plaintiffs prior to an *in camera* review by the Court.

In *Scott*, also cited by the Magistrate Judge, the evidence "overwhelmingly" demonstrated that the defendant "did receive legal advice on the apprentice classification decision" and the defendant did not contend otherwise. *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 616 (S.D.N.Y. 2014). Therefore, "as a matter of fairness," the plaintiffs were entitled to explore whether the defendant received but ignored advice of counsel in classifying its employees as exempt. *Scott*, 67 F. Supp. 3d at 611. Here, the Magistrate Judge explicitly held that Barnes & Noble received no such advice. While plaintiffs relied on the *Scott* decision (ECF No. 257 at p.

18) (*quoting Scott*), the "fairness" principle is inapplicable here because, as the Magistrate Judge has confirmed, Barnes & Noble possesses no communications from counsel recommending whether or not to reclassify Café Managers. Clearly there is no basis under the fairness doctrine for the Court's conclusion that Barnes & Noble broadly waived privilege and work product protections, never mind an award of costs and fees.

The Court went beyond the holding of any fairness doctrine decisions by rejecting Barnes & Noble's repeated argument that waiver only applies with respect to documents that convey advice from counsel as to the proper classification of Café Managers. Yet, the Magistrate Judge's decision does not cite any authority for that conclusion. The Magistrate Judge's failure to cite supporting authority is striking in that Barnes & Noble repeatedly argued in opposition to Plaintiffs' Motion to Compel that no authority supports the proposition that the fairness doctrine requires the production of privileged and work product documents in the absence of legal advice as to proper classification. *See* ECF No. 268 at p. 12 ("plaintiffs are certainly not entitled to receive other documents having nothing to do with advice regarding whether or not to classify Café Managers as exempt. Nor do plaintiffs cite case law suggesting otherwise"); ECF No. 279 at p. 9 ("Neither the Court nor plaintiffs have cited a case in which, although counsel did not advise the defendant on the proper classification of employees, the Court nonetheless ordered the production of privileged documents"); ECF No. 287 at p. 1 ("***plaintiffs fail to cite any such case***") (emphasis in original).

Thus, the Magistrate Judge's holding is not supported by either authority or the rationale for the fairness doctrine itself. To the contrary, authority establishes that waivers should be construed narrowly. As one Court explained, "[t]he scope of any waiver of the attorney-client privilege … must be considered against the backdrop of the bedrock principle that such waivers

9

are ordinarily construed narrowly." *See Ottati v. City of Amsterdam*, 2009 WL 10722418, *5 (N.D.N.Y. July 22, 2009). The Magistrate Judge in fact recognized that "a court must exercise caution" when "determining that fairness requires a finding of waiver." (Decision #1 at p. 17).

As the Magistrate Judge confirmed, Barnes & Noble has not withheld documents in which counsel provided advice as to the proper classification of Café Managers. Thus, no documents demonstrate that, in making classification decisions regarding Café Managers, Barnes & Noble acted contrary to advice from counsel. These circumstances undercut the rationale for finding a waiver. "Fairness" is not implicated. Accordingly, granting plaintiffs' Motion to Compel and denying Barnes & Noble's Motion for Reconsideration was clearly erroneous and contrary to law.

## II.     **Awarding Fees And Costs Was Erroneous and Contrary to Law.**

Courts should not award fees and costs in connection with a Motion to Compel if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Here, both of these exceptions apply and, therefore, the Magistrate Judge's award of fees and costs constituted an abuse of discretion.

The central points in plaintiffs' Motion to Compel were: (1) defense counsel was aware of privileged documents but failed to identify them on a Privilege Log for two and a half years; and (2) documents described on the Privilege Log are communications from counsel advising Barnes & Noble as to the proper classification of Café Managers. In Decision #1, the Magistrate Judge ruled in favor of Barnes & Noble on both of those points. First, the Magistrate Judge rejected plaintiffs' arguments that Barnes & Noble's production of a Privilege Log was untimely. (Decision #1 at p. 11). Second, the Magistrate Judge rejected plaintiffs' argument that documents on the Privilege Log include communications advising Barnes & Noble as to the proper classification of Café Managers. (Decision #1 at p. 21 n. 6). As discussed above, the Magistrate

10

122150268

Judge found that "none of the documents reviewed contain advice from [Barnes & Noble's] lawyers as to the proper classification of Café Managers during the relevant period" and "none contain an opinion that Café Managers should or should not be classified as exempt." (*Id.*).

Despite these findings in favor of Barnes & Noble, the Magistrate Judge awarded fees and costs to plaintiffs in connection with their Motion to Compel. In issuing the award, the Magistrate Judge stated no rationale for the award, instead stating in circular fashion that Barnes & Noble did not provide any "real argument against Plaintiffs' allegation that, by virtue of asserting a good faith defense, [Barnes & Noble] waived privilege and work product protection as to communications pertaining to the Café Manager position" including its failure to "address the wage and hour cases in this District that are on point on this issue." (Decision #1 at p. 22). Though not finding that Barnes & Noble acted in bad faith, the Magistrate Judge stated: "I find that an award of fees and costs is appropriate, as there are no other circumstances that would make an award of fees and costs associated with this motion unjust." (Decision #1 at p. 22).

Notably, in its submissions to the Court, Barnes & Noble squarely disputed the argument that asserting the good faith defense waives privilege and work product protection as to any and all communications pertaining to the Café Manager position. Indeed, Barnes & Noble made clear that the fairness doctrine did not apply because it did not possess documents in which counsel conveyed advice regarding the proper classification of Café Managers. The Magistrate Judge agreed. This is the precise—and only—analysis that the parties applied to the question of waiver on the basis of asserting the good faith defense.

Nor did Barnes & Noble fail to "address the wage and hour cases in this District that are on point on this issue." (Decision #1 at p. 22). During their pursuit of Barnes & Noble's privileged communications for well over a year, plaintiffs repeatedly raised the same arguments, forcing

11

122150268

Barnes & Noble to respond again and again. In a submission to the Court on December 21, 2018, Barnes & Noble addressed this argument and distinguished two cases upon which plaintiffs relied, including *Scott*. (ECF No. 199 at 2-3). Following up its submission to the Court, counsel for Barnes & Noble conducted an extensive search of emails to determine whether there was advice on the proper classification of the café manager position and confirmed – several times – that Barnes & Noble had not received any such advice. In January 2019, this confirmation of the lack of advice was sufficient to put the issue at rest. Since then, the question whether Barnes & Noble possessed advice concerning the proper classification of Café Managers has been the lynchpin of the parties' and the Magistrate Judge's analysis of this privilege issue. In light of the fact that nothing had changed since January 2019 on that front – *i.e.*, Barnes & Noble still possessed no documents conveying advice of counsel regarding the proper classification of Café Managers – in the interests of efficiency, Barnes & Noble did not engage in any extended "in the alternative" discussion about the applicable law in the event that it did possess such advice.[7] Rather, Barnes & Noble focused on the salient question before the court: whether there was any advice that would trigger potential waiver under the fairness doctrine in the first place. As the Magistrate Judge concluded, there was not. That should have been the end of the inquiry, as it had been for the past year.

Importantly, as discussed in Section I, there are no "wage and hour cases in this District that are on point on this issue." (Decision #1 at p. 22). Again, neither the Magistrate Judge nor plaintiffs have cited a case in which, although counsel did not advise the defendant on the proper classification of employees, the court nonetheless ordered the production of privileged documents, never mind fees and costs. Thus, there is no basis for finding that Barnes & Noble acted other

---

[7] Nor did plaintiffs emphasize this as a major point in their Motion to Compel. They merely "*see*" cited *Scott* on page 18 and limited their analysis to a parenthetical quote. (ECF No. 257 at p. 18).

12

than in good faith by ignoring applicable law or its discovery obligations. In addition to taking the truthful position that there was no advice that would trigger the fairness doctrine, Barnes & Noble followed precisely the precedent in this District cited by the Magistrate Judge (*Wang*, 2012 WL 6621717), in which the defendant submitted the challenged documents for *in camera* review but did not simply hand them over on plaintiffs' request. In this case, after engaging in this review, the Magistrate Judge found no advice (conflicting or otherwise) on the classification of Café Managers—in other words, no basis on which Barnes & Noble should have provided such documents to the plaintiffs. In the absence of advice, there is no basis for finding waiver under the fairness doctrine, and no basis to compel production to plaintiffs or to award fees and costs.

In its Motion for Reconsideration, Barnes & Noble argued that the rationale proffered by the Magistrate Judge for awarding fees in Decision #1 was flawed. In Decision #2, after acknowledging that Barnes & Noble had not acted in bad faith, the Magistrate Judge instead cited a new basis, asserting that the decision to award fees and costs "was based in large part on [Barnes & Noble]'s withholding of documents that were not privileged." (Decision #2 at p. 5). Although the Magistrate Judge had referred in Decision #1 to Barnes & Noble purportedly withholding documents that were not privileged (Decision #1 at p. 18), the Magistrate Judge only cited this rationale as a basis for awarding fees in Decision #2. In any event, it is not supported by the record. The only example the Magistrate Judge provided of documents on the Privilege Log "that were not privileged" was a general reference to e-mails sent between counsel and Barnes & Noble "forwarding drafts or other documents" or "contain[ing] general comments about a draft document." (Decision #1 at p. 18). The Magistrate Judge did not specifically identify any such documents but the reason Barnes & Noble sent drafts to counsel was for the purpose of obtaining feedback (*i.e.*, legal advice) regarding the drafts.

The Magistrate Judge's blanket rejection of privilege protection with respect to such documents is inconsistent with prevailing law. *See Greater New York Taxi Association v. City of New York*, 2017 WL 4012051, *12 (S.D.N.Y. Sept. 11, 2017) ("Courts have held that communications constitute implicit requests for legal advice where an attorney is copied on the communications and the communications implicate specific legal issues") (collecting cases); *TNI Packaging, Inc. v. Perdue Farms, Inc.*, 2006 WL 6654885, *2 (N.D. Ill. Feb. 28, 2006) ("[t]he suggested revision to the patent application [sent to the attorney] was … an implicit request for legal advice on what should be included in the application"); *Cuno, Inc. v. Pall Corp.*, 121 F.R.D. 198, 202 (E.D.N.Y. 1988) (the attorney-client privilege "does not require that the request [for legal advice] be within the four corners of the document") (citations omitted).

Indeed, as the Magistrate Judge stated in another case, "draft documents sent to counsel for legal review may be protected by the attorney-client privilege if the draft and communications concerning it were intended to be and maintained as confidential." *99 Wall Dev. Inc. v. Allied World Specialty Ins. Co.*, 2019 WL 2482356, *2 (S.D.N.Y. June 14, 2019) (citation omitted). In that case, the Magistrate Judge ultimately found that the drafts were not privileged under the circumstances – but, unlike here, did not award fees and costs.

In summary, the Magistrate Judge's decision to award fees and costs to plaintiffs was clearly erroneous and contrary to law. Barnes & Noble properly objected to demands for privileged and work product documents and submitted them for *in camera* review pursuant to *Wang*. That conduct was "substantially justified." In any event, "other circumstances make an award of expenses unjust," in that Barnes & Noble could not have anticipated that the Magistrate Judge would expand the scope of the fairness doctrine beyond any prior case in this District. The

14

Magistrate Judge's award of fees and costs is unwarranted, belied by caselaw and the foundational intent of the fairness doctrine and, as a result, constitutes an abuse of discretion.

## CONCLUSION

For the foregoing reasons, defendant Barnes & Noble, Inc., respectfully requests an Order reversing the Orders of the Magistrate Judge: (1) granting plaintiffs' Motion to Compel; and (2) denying Barnes & Noble's Motion for Reconsideration.

Respectfully submitted,

Dated: March 19, 2020　　　　　　　　　　FAEGRE DRINKER BIDDLE & REATH LLP

　　　　　　　　　　　　　　　　　　　　By: /s/ Daniel H. Aiken
　　　　　　　　　　　　　　　　　　　　　　Daniel H. Aiken, Esq. (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　One Logan Square, Suite 2000
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, Pennsylvania 19103-6996
　　　　　　　　　　　　　　　　　　　　　　Telephone: (215) 988-2942
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (215) 988-2757
　　　　　　　　　　　　　　　　　　　　　　E-mail: daniel.aiken@faegredrinker.com

　　　　　　　　　　　　　　　　　　　　　　William R. Horwitz, Esq.
　　　　　　　　　　　　　　　　　　　　　　1177 Avenue of the Americas, 41st Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10036-2714
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 248-3140
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 248-3141
　　　　　　　　　　　　　　　　　　　　　　E-mail: william.horwitz@faegredrinker.com

　　　　　　　　　　　　　　　　　　　　　　Brooke Razor, Esq. (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　One Logan Square, Suite 2000
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, Pennsylvania 19103-6996
　　　　　　　　　　　　　　　　　　　　　　Telephone: (215) 988-2700
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (215) 988-2757
　　　　　　　　　　　　　　　　　　　　　　E-mail: brooke.razor@faegredrinker.com

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　Barnes & Noble, Inc.

122150268