UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KELLY BROWN and TIFFANY STEWART,
individually and on behalf of all others
similarly situated, as class/collective representatives,

                                        Plaintiffs,

                    -against-

BARNES AND NOBLE, INC.,

                                        Defendant.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/14/2020

**ORDER ON PLAINTIFFS'
APPLICATION FOR
ATTORNEYS' FEES**

**16-CV-07333 (MKV) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Plaintiffs previously moved to compel Defendant Barnes and Noble, Inc. ("Barnes and Noble") to produce certain documents and for a ruling that Barnes and Noble waived privilege with respect to certain documents.  (Dkt. No. 256.)  This Court granted Plaintiffs' motion in part, and familiarity with the Court's decision is presumed.  (*See* Dkt. No. 276.)  In connection with that decision, this Court instructed Plaintiffs to submit an application for fees and costs associated with their Motion to Compel.  Plaintiffs submitted the instant application, which the Court addresses below.  (Dkt. No. 299.)  The Court has reviewed the application and, for the reasons set forth below, awards Plaintiffs attorneys' fees in the amount of $25,300.00.

## BACKGROUND

Plaintiffs seek a total of $96,725.00 in attorneys' fees and $110.53 in costs.  Plaintiffs submitted a 24-page brief in support of their Motion to Compel, supported by numerous exhibits.  They also submitted a 10-page reply brief in further support of their motion.   Michael

J. Palitz of the firm Shavitz Law Group, P.A. ("SLG"), and Marc S. Hepworth of the firm

Hepworth, Gershbaum & Roth, PLLC ("HGR"), co-counsel for Plaintiffs, have submitted

declarations providing information about: the hours worked on the case; the rates sought; and

the attorneys who worked on the Motion to Compel, the brief opposing Defendant's Motion for

Reconsideration, and Plaintiffs' Fee Application.  The legal work was performed by SLG partners

Palitz and Gregg I. Shavitz, HGR partner Hepworth, and HGR associate Rebecca Predovan.  Mr.

Palitz completed the lion's share of the work, logging 113.3 hours.  Mr. Hepworth spent 34.4

hours, Mr. Shavitz spent 4.7 hours, and Ms. Predovan spent 3.1 hours.

Detailed time records have been provided, with billing increments of 1/10[th] of an hour.

(Dkt. No. 300 ("Palitz Decl.") Exs. A-D; Dkt. No. 301 ("Hepworth Decl.") Ex. 1.)  The time records

reflect time spent reviewing discovery responses and the privilege log, meeting and conferring

with defense counsel, preparing a pre-motion letter to the Court, attending a discovery

conference, drafting the Motion to Compel and a reply brief, drafting an opposition brief to

Defendant's Motion for Reconsideration on this Court's Order on the Motion to Compel, and

drafting the instant application for fees.  The hourly rates sought are: $775 for Mr. Hepworth;

$700 for Mr. Shavitz; $575 for Mr. Palitz; and $525 for Ms. Predovan.

**<u>LEGAL STANDARD</u>**

A district court exercises considerable discretion in awarding attorneys' fees.  *See Millea*

*v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011), s*uperseded on other grounds as*

*recognized in Acker v. General Motors, L.L.C.*, 853 F.3d 784, 790 (5th Cir. 2017); *see also Arbor*

*Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany Cty. Bd. of Elections*,

522 F.3d 182, 190 (2d Cir. 2008).  "The party seeking fees bears the burden of demonstrating

that its requested fees are reasonable." *TufAmerica Inc. v. Diamond*, No. 12-cv-3529 (AJN), 2016 WL 1029553, at *3 (S.D.N.Y. Mar. 9, 2016) (internal quotation marks omitted), *reconsideration granted in part in* 2016 WL 3866578 (S.D.N.Y. July 12, 2016) *and* 2018 WL 401510 (S.D.N.Y. Jan. 12, 2018).

Attorneys' fees are awarded by determining a presumptively reasonable fee, or a "lodestar," reached by multiplying a reasonable hourly rate by the number of hours reasonably expended. *TufAmerica Inc.*, 2016 WL 1029553, at *3 (citing *Millea*, 658 F.3d at 166); *see also Bergerson v. New York State Office of Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289–90 (2d Cir. 2011). When evaluating hourly rates, the Court looks at "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson,* 652 F.3d at 289 (internal citations and quotation marks omitted). The Second Circuit's "forum rule generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* (internal citation and quotation marks omitted); *see also TufAmerica Inc.*, 2016 WL 1029553, at *5 (rates must be "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" (internal citation and quotation marks omitted)). Courts in this District also have recognized that an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of" a reasonable hourly rate. *See In re Stock Exchanges Options Trading Antitrust Litig.*, No. 99-cv-0962(RCC), 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006). Finally, the Court may adjust base hourly rates to account for "case-specific variables." *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 183–84.

3

When evaluating the number of hours expended, the Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (internal quotation marks and citation omitted).  In determining whether hours are excessive, "the critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Samms v. Abrams*, 198 F. Supp. 3d 311, 322 (S.D.N.Y. 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).  "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal citations and quotation marks omitted); *accord Alicea v. City of New York,* 272 F. Supp. 3d 603, 608–609 (S.D.N.Y. 2017); *see also TufAmerica Inc.*, 2016 WL 1029553, at *3.

The Court also looks at the nature of the legal matter and reason for the fee award in considering what is a reasonable rate and reasonable time spent on a matter.  Complex cases requiring particular attorney skills and experience may command higher attorney rates, as may cases requiring retention of a firm with the resources needed to prosecute a case effectively. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 187.  Likewise, the Court may consider the purpose of the award; that is, a different presumptively reasonable fee may be warranted if the fee is being awarded as a sanction for misconduct than if the fee is being awarded in connection with a successful outcome in a statutory fee-shifting case.  For example,

4

in *Klipsch Group, Inc. v. ePRO E-Commerce Ltd.*, the Second Circuit recently upheld a trial court's

imposition of more than $2.5 million in discovery sanctions in a case with only $20,000 in

controversy, recognizing that "courts routinely award [discovery] sanctions without any

discussion of the ultimate merits recovery."  880 F.3d 620, 633–34 (2d Cir. 2018).  The court

explained that "[d]iscovery sanctions are different" than fee awards in civil rights cases,

reasoning that "a party that disregards its obligations may create a reasonable suspicion that

further investigation is warranted, and thereby imposes costs on its adversary that would never

have been incurred . . . .  In that situation, the offended adversary's counsel is not being

rewarded for its success in the litigation; rather, the adversary is simply being compensated for

costs it should not have had to bear."  *Id.* at 634.

## DISCUSSION

Because Plaintiffs are seeking fees, they bear the burden of demonstrating that their

counsel's rates are reasonable.  *See TufAmerica Inc.* 2016 WL 1029553, at *3.  There is no doubt

that all of the individuals who performed work on Plaintiffs' behalf are highly competent.  The

attorneys on this case have all acted with the utmost professionalism before this Court and

have vigorously advocated on Plaintiffs' behalf.

SLG is a Plaintiffs'-side employment law firm specializing in class and collective actions.

It has a national practice, and brings cases throughout the United States.  (Palitz Decl. ¶¶ 36-

37.)  Mr. Shavitz has twenty years of experience litigating Fair Labor Standards Act ("FLSA")

cases.  (*Id.* ¶ 28.)  He is a graduate of University of Miami School of Law and frequently lectures

on employment law.  He has been recognized as a top lawyer in his field and received

numerous awards for his legal work.  (*Id.* ¶¶ 42-44.)

5

Mr. Palitz has almost ten years of experience litigating FLSA cases.  (*Id.* ¶ 29.) He graduated from Pace Law School in 2010 *cum laude*.   While at law school, he served as Editor-in-Chief of the *Pace International Law Review*.  (*Id.*) He too has lectured on employment law and established an impressive record as a prominent FLSA litigator.  (*Id.* ¶¶ 47-52.)  Mr. Hepworth has more than 20 years of experience litigating complex cases, including FLSA collective actions.  (Hepworth Decl. ¶ 10.)  Ms. Predovan has more than 10 years of experience, including substantial experience litigating FLSA collective actions.  (*Id.* ¶ 11.)

Courts in this district have approved rates similar to those sought by Plaintiffs.  For example, in a similar misclassification case in this District, the Court found a $650 per hour rate for Mr. Shavitz and a $500 per hour rate for Mr. Palitz to be reasonable.[1]  *See Varghese v. J.P. Morgan Chase & Co.*, No. 14 Civ. 01718 (PGG) (S.D.N.Y. June 28, 2019) (Dkt. No. 156, 20:25-21:05.)  In cases involving other firms, courts in this District have recognized that partner rates as high as $715 an hour can be reasonable, and that associate rates ranging from $220 to $550, depending on experience, can also be reasonable. *See Gulino v. Board of Educ. of City Sch. Dist. of City of New York*, No. 96 CIV. 8414, 2017 WL 1294557, at *10 (S.D.N.Y. Apr. 4, 2017) (in "complex" case, partner rate of $600, senior associate rate of $350, and rate of $150 per hour for paralegals were reasonable); *TufAmerica*, 2016 WL 1029553, at *6 (reasonable rate for partners ranged from $572 to $715 per hour, for associates ranged from $476 to $560 per hour, for junior associates ranged from $375 to $425 per hour, and for paralegals ranged from $150 to $175 per hour); *S.E.C. v. Yorkville Advisors, LLC*, No. 12 Civ. 7728(GBD)(HBP), 2015 WL

---

[1] Courts in other districts have also found the rates sought by Mr. Hepworth and Ms. Predovan to be reasonable. However, the Court will look to the prevailing rates in this District when deciding this motion.

855796, at *19 (S.D.N.Y. Feb. 27, 2015) (recognizing that prevailing rates in this District for fees incurred on discovery motions range from $450 to $600 for partners, $220 to $400 for associates, and $100 to $200 for paralegals); *A.V.E.L.A., Inc. v. Estate of Monroe*, 12 Civ. 4828(KPF)(JCF), 2014 WL 3610902, at *3 (S.D.N.Y. July 18, 2014) (finding that $600 per hour rate was reasonable for partner time on motion to compel fee award).

The rates sought by SLG in the instant application are higher than those previously approved, and Plaintiffs' counsel explains that the firm has raised its rates since the *Varghese* decision.  However, based on this Court's own knowledge of prevailing rates in FLSA collective actions and the case law in this District, I find that the hourly rate of $650 is appropriate for Mr. Shavitz and Mr. Hepworth, who both have 20 years of experience, that $500 per hour is an appropriate rate for Mr. Palitz, who has almost ten years of experience, and that $450 per hour is appropriate for Ms. Predovan, a senior associate.

Turning to the hours worked, Plaintiffs' counsel seek reimbursement for 155.5 total hours of work, totaling $96,725.00 in attorneys' fees.  Plaintiffs also seek costs totaling $110.50 for two Federal Express mailing charges incurred in the mailing of courtesy copies of the Motion to Compel and the reply papers to the Court.  HGR's work in connection with the instant application consisted of reviewing the privilege log and production, identifying issues with Defendant's production and log, strategizing with co-counsel, research, and reviewing correspondence and relevant transcripts, preparing for and attending the Court conference to address the privilege issues, and providing comments on the briefing, totaling 37.5 hours. (Hepworth Decl. Ex. A.)

Mr. Palitz's work in connection with this application included meeting and conferring with defense counsel about the dispute, preparing a pre-motion letter to the Court, preparing for the court conference about the privilege dispute, reviewing the privilege log and deposition transcripts to identify documents for *in camera* review and supporting Plaintiffs' claim of waiver of privilege, preparing a memorandum for use at a court conference, and drafting the motion papers.  (Palitz Decl. Ex. A.)  Mr. Shavitz's work in connection with the instant application included reviewing and revising near final drafts of the motion papers and providing input regarding strategy on the motion.  (*Id.* ¶ 28.)

Barnes and Noble objects to the instant application, arguing that the work was not properly delegated to associates and paralegals, who bill at lower rates, and included time performing work unrelated and unnecessary to the Motion to Compel, such as including arguments this Court rejected, including that defense counsel violated their ethical obligations by failing to identify privileged documents on a privilege log for over two years.  Having carefully reviewed the time records, this Court agrees with Barnes and Noble that the hours spent on the motion and included in Plaintiffs' application are grossly excessive and inappropriate.  Plaintiffs are seeking almost $100,000 – literally more money than is required to buy a luxury automobile – for preparing a simple motion to compel and related briefing on an issue that they have briefed in this District in the recent past.

The problems with the hours are many.  First, far too many partners worked on the matter.  The Motion to Compel should have been drafted, in large, part by an associate.  Instead, the overwhelming majority of hours billed is partner time.  This was inappropriate.  *See Pig Newton, Inc. v. Boards of Dirs. of the Motion Picture Indus. Pension Plan*, 13 Civ. 7312 (KPF),

2016 WL 796840, *7 (S.D.N.Y. Feb. 24, 2016) (reducing the number of hours billed where "the division of labor was at times unreasonable, with multiple partners involved in the same task and, perhaps more troubling, partners performing work better assigned to associates or paralegals"); *see also Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 372 (S.D.N.Y. 2005) (reducing hours where "tasks were performed by individuals more qualified, and therefore more highly compensated, than necessary").  The billing records also reflect numerous internal conferences. These were unnecessary, particularly among three partners and one associate from two different firms.  Courts routinely reduce fee requests for excessive internal conferences.  *See, e.g.*, *Star Ins. Co. v. A&J Constr. of New York, Inc.*, No. 15-CV-8798 (CS) (JCM), 2018 WL 6177857, *6 (S.D.N.Y. Nov. 26, 2018); *Williams v. Metro-North R.R. Co.*, No. 1:17-cv-03847 (JGK), 2018 WL 3370678, at *10 (S.D.N.Y. June 28, 2018) (collecting cases), *adopted by* 2018 WL 3368713 (S.D.N.Y. July 10, 2018); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 342 (S.D.N.Y. 2016).

Second, Plaintiffs included time spent preparing a letter requesting an adjournment and a letter requesting an extension of time, time spent on meet and confers with defense counsel, time spent preparing for a court conference, and time spent drafting internal strategy memos. None of this time is compensable pursuant to this Court's prior order.  Third, besides spending more than 30 hours of his partner time, Mr. Hepworth's timekeeping was vague and, in some cases, describes multiple tasks for one entry.  Courts routinely reduce or deny requests for time that is not appropriately documented and for block billing.  *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172–73 (2d Cir. 1998); *Ravina v. Columbia Univ.*, No. 16-CV-2137 (RA), 2020 WL 1080780,

*9 (S.D.N.Y. Mar. 6, 2020); *Tatum v. City of New York*, No. 06–cv–4290 (PGG)(GWG), 2010 WL 334975, *7 (S.D.N.Y. Jan. 28, 2010).

Fourth, although one of the principle cases from this District that this Court relied on in granting the Motion to Compel was litigated by Mr. Shavitz, contrary to Plaintiffs' argument, his knowledge did not appear to streamline research. Rather, Mr. Palitz, a partner, spent an inordinate amount of time researching law that his firm clearly already had briefed. In fact, Mr. Palitz spent more than 20 hours of time researching! Any updates to the firm's existing research should have been conducted by an associate and such updates should not have taken more than 20 hours.

This Court has broad discretion to make across the board reductions to attorneys' fees applications or to award fees it deems appropriate under Federal Rule of Civil Procedure 37 in connection with motions to compel. I find that a reduction of the total hours sought is appropriate and that the hours spent should be allocated in a manner that is more in keeping with reasonable billing practices. In this case, Mr. Hepworth should have spent no time on the Motion to Compel as the senior partner. The same is true for Mr. Shavitz. One partner supervising and signing off on the motion was sufficient. The bulk of the work should have been performed by Ms. Predovan, the associate on the matter—not Mr. Palitz. She should have spent no more than 30 hours drafting the moving and reply briefs, and Mr. Palitz should have spent no more than 10 hours reviewing the drafts. Accordingly, the Court awards Plaintiffs $18,500 in fees in connection with the Motion to Compel. This equals 30 hours of Ms. Predovan's time at the rate of $450 per hour, and 10 hours of Mr. Palitz's time at the rate of $500 per hour for work completed on the Motion to Compel. The Court awards Plaintiffs

$6,800 in connection with the instant fee application.  This equals 14 hours of associate time at a rate of $450 per hour and one hour of Mr. Palitz's time at a rate of $500 per hour.  The Court declines to award additional fees and costs incurred in opposing Defendant's Motion for Reconsideration.  In total, Plaintiffs are entitled to $25,300.00 in attorneys' fees.  As to Plaintiffs' requests for costs for sending courtesy copies of their briefs to the Court by overnight mail, their request is denied.  This Court does not require courtesy copies, and certainly did not require Plaintiffs to send courtesy copies by overnight mail.  Therefore, Plaintiffs are not entitled to these costs.

Barnes and Noble has objected to this Court's ruling on Plaintiffs' Motion to Compel and that objection remains pending.  Should the Honorable Mary Kay Vyskocil grant Defendant's objection, then Plaintiffs will not be entitled to their attorneys' fees.  Accordingly, this Court's award is not payable unless Judge Vyskocil upholds this Court's decision on Plaintiffs' Motion to Compel.  Additionally, Barnes and Noble requests that this Court require that any fees awarded by payable as part of a final judgment in this lawsuit, rather than immediately, citing the dire economic circumstances facing it and other retailers in light of the current COVID-19 pandemic.  The Court agrees that this award, if payable based on Judge Vyskocil's ruling, shall be incorporated into a final judgment.

## CONCLUSION

Accordingly, for the reasons stated above, the Court awards Plaintiffs attorneys' fees in

the amount of $25,300.00.

**ORDERED.**

Dated: May 14, 2020
      New York, New York

                                    KATHARINE H. PARKER
                                    United States Magistrate Judge