USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY BROWN and TIFFANY STEWART, individually and on behalf of all others similarly situated, as Class/Collective representatives,

Plaintiffs,

-against-

BARNES AND NOBLE, INC.,

Defendant.

1:16-cv-07333 (MKV) (KHP)

**OPINION AND ORDER OVERRULING OBJECTIONS TO ORDERS OF THE MAGISTRATE JUDGE**

MARY KAY VYSKOCIL, United States District Judge:

Defendant Barnes and Noble, Inc. ("B&N") has filed objections [ECF #302] to two orders signed by Magistrate Judge Katherine H. Parker, to whom this case is referred for pretrial matters. The first opinion ordered B&N to produce certain documents that it had withheld as privileged and granted Plaintiffs request for attorney's fees and costs. *See* Opinion and Order Granting Motion to Compel, ECF #276, filed Dec. 23, 2019 ("Compel Opinion"). Magistrate Judge Parker ruled that Defendant had waived privilege with respect to certain documents because it sought to rely on the "good faith reliance" defense to claims under the Fair Labor Standards Act ("FLSA"). *See* Motion Opinion at 19-21. The second opinion denied Defendant's motion for reconsideration of the Compel Opinion. *See* Opinion and Order Denying Motion for Reconsideration, ECF #295, filed Mar. 5, 2020 ("Reconsideration Opinion").

After B&N filed its objections, Plaintiff filed an opposition brief [ECF #316] and B&N replied [ECF #317]. The Court understands that the documents subject to Magistrate Judge Parker's orders are largely the last remaining hurdle to completion of discovery in this long-pending case. Following review of the Parties' submissions and for the reasons discussed in the

thorough and well-reasoned opinions issued by Magistrate Judge Parker, the Court denies Defendant's objections in full.

## BACKGROUND

The facts of this dispute are detailed at length in Magistrate Judge Parker's Compel Opinion. The Court recites only those facts necessary to the resolution of Defendant's Objections. This case concerns whether B&N misclassified Café Managers in its stores as exempt, salaried employees rather than hourly employees eligible for overtime. *See* Compel Opinion at 1. Discovery revealed that B&N hired a consultancy firm in 2005 to study whether these employees were properly classified as exempt. *Id.* Eventually, B&N reclassified the employees to non-exempt status in 2016. *Id.* at 2. As a defense to liability for initially misclassifying its employees, B&N asserts that it relied on a good faith and informed decision by its Vice President of Human Resources that the Café Managers were properly classified as exempt. *Id.* at 3-4. Employers may escape liability or damages for failure to pay overtime compensation to an employee if they were acting in good faith.[1]

In light of that defense, Plaintiff sought to discover communications between B&N executive and the company's counsel, to the extent those communications bore on the decision to classify the Café Managers as exempt employees. *See* Compel Opinion at 2. After B&N refused, and after several conferences with Magistrate Judge Parker, Plaintiffs filed a motion to compel their production, which B&N opposed. *See id.* at 2-3. Magistrate Judge Parker's

---

[1] Specifically, an employer who violates the minimum compensation provisions of the FLSA is liable for both past due wages and an equal amount of liquidated damages. However, a defendant may avoid liability entirely for failure to pay overtime "if [the defendant] pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation" of the Administrator of the Wage and Hour Division of the Department of Labor. 29 U.S.C. § 259. Moreover, even if the employer is liable, he or she may escape the liquidated damages penalty if he or she can allege and prove a reasonable, good-faith belief that the actions in question were not in violation of the FLSA. See 29 U.S.C. § 260. An employer's lack of willfulness also affects the statute of limitations; willful violations extend the FLSA statute of limitations to three years. 29 U.S.C. § 255(a).

decision to grant that motion (and to grant Plaintiffs' coordinate application for fees and costs) is the subject of Defendant's objections.

## DISCUSSION

The Court adopts Magistrate Judge Parker's reasoning in its entirety. However, the Court examines three short issues raised in the Parties' briefs.

*A.     Standard of Review*

Under Federal Rule of Civil Procedure 72, a district judge reviews a "pretrial matter not dispositive of a party's claim or defense" under the "clearly erroneous or . . . contrary to law" standard. Fed. R. Civ. P. 72(a). However, a pretrial matter that is "dispositive of a claim or defense" is reviewed de novo. Fed. R. Civ. P. 72(b). Orders regarding discovery disputes like those at issue here quintessentially are "not dispositive of a party's claim." *See, e.g.*, *Gao v. Umi Sushi, Inc.*, No. 1:18-cv-06439 (ALC), 2020 WL 352641, at *2 (S.D.N.Y. Jan. 21, 2020); *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 349 F. Supp. 3d 282, 286 (S.D.N.Y. 2018). Therefore, the Court reviews Magistrate Judge Parker's decisions for clear error or whether they are clearly contrary to law.

A Magistrate Judge's findings may be considered "clearly erroneous" only when "the district court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95-cv-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (quoting *SEC v. Thrasher*, No. 92-cv-6987, 1995 WL 456402 at *12 (S.D.N.Y. Aug. 2, 1995)) (internal quotation marks omitted). In other words, "a party seeking to overturn a discovery order bears a heavy burden." *Gao*, 2020 WL 352641, at *2 (internal quotation omitted).

As discussed further in the two sections that follow, Defendant has failed to even suggest that Magistrate Judge Parker's orders were erroneous. The decision to grant Plaintiff's motion to compel was well within her discretion and relied on a longstanding line of precedent holding that a defendant asserting a good faith defense has waived privilege over communications which have a bearing on the defendant's state of mind. Likewise, the decision by Magistrate Judge Parker to grant attorney's fees and costs rests in her discretion and B&N has not pointed to any law to the contrary.

B.     *Defendant Must Produce Otherwise Privileged Communications*

Defendant's primary substantive objection to both the Compel Opinion and the Reconsideration Opinion is that they should not be required to produce otherwise privileged communications unless they assert specifically a defense of "good faith *reliance on counsel*." *See* Defendant's Objections to the Orders of the Magistrate Judge, ECF #302 ("Objection") at 7-10. As Magistrate Judge Parker found, this formulation of the good faith defense is too narrow and ignores contrary law. *See* Reconsideration Opinion at 2 ("The law on waiver is not this narrow. As the Court noted in its decision, the rationale for finding waiver is that a plaintiff is entitled to explore whether the defendant acted contrary to legal advice when classifying a position as exempt from overtime or minimum wage requirements. Such evidence would undermine the defense of good faith."); Compel Opinion at 20 (same). As a result, the Court has no basis on which to reverse Magistrate Judge Parker's decision.

When a defendant invokes a good faith defense, he necessarily puts the mindset of the decision maker at issue. *Wang v. Hearst Corp.*, No. 12-cv-793 (HB), 2012 WL 6621717, at *2 (S.D.N.Y. Dec. 19, 2012) ("More recently, the Circuit has reaffirmed the position that 'the assertion of a good-faith defense involves an inquiry into state of mind, which typically calls forth the possibility of implied waiver of the attorney-client privilege.'" (citing *In re Cty. of Erie*,

4

546 F.3d 222, 228 (2d Cir. 2008)).  While Magistrate Judge Parker did find that none of the documents at issue contain specifically an opinion concerning whether B&N's Café Managers were properly exempt employees (at least as it pertains to the documents she reviewed *in camera*), *see* Compel Opinion at 21, n.6, she also noted that such specificity is not required, since the documents in question pertain both to B&N's state of mind and relate to the steps it took to learn about the FLSA and then comply with it.  *See* Reconsideration Opinion at 3.  By way of example, if B&N's counsel advised it (or specifically advised Ms. Smith, who B&N suggests was the key decision maker here) about one meaning of the FLSA, and then B&N chose to use another meaning or interpretation, that advice would tend to defeat the argument that B&N was acting in good faith.  "The plaintiffs are therefore 'entitled to know if [the defendant] ignored counsel's advice."  *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 616 (S.D.N.Y. 2014) (quoting *Arista Records LLC v. Lime Grp. LLC*, No. 06-cv-5936 (KMW), 2011 WL 1642434, at *3 (S.D.N.Y. Apr. 20, 2011)).[2]

C.  *Magistrate Judge Parker's Decision to Impose Fees and Costs Will Not Be Reversed*

An award of costs, including attorney's fees, associated with a motion to compel is warranted whenever a motion to compel is granted, unless the party filing the motion did not meet and confer in good faith before filing the motion, if the nondisclosure was substantially justified, or if the award would be unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A).  This is true even where the party opposing the motion to compel did not act in bad faith with regard to its discovery obligations.  *SEC v. Yorkville Advisors, LLC*, No. 12-cv-7728 (GBD) (HBP), 2015 WL

---

[2] Defendant's argument that it never communicated with counsel about the classification of Café Managers also uses "about" too narrowly.  Magistrate Judge Parker cataloged numerous examples of B&N personnel communicating with attorneys about the FLSA generally, about B&N's 2005 hiring of consultants regarding FLSA compliance, and about classification both of Café Managers and other B&N employees.  *See* Compel Opinion at 18-19.  As a result, the record suggests that Defendant did receive advice of counsel relating to its decision and those communications are subject to discovery.  *See Scott*, 67 F. Supp. 3d at 616.

5

855796, at *7 (S.D.N.Y. Feb. 27, 2015) ("Substantial justification for refusing discovery is determined according to an objective standard of reasonableness and does not require that the party have acted in good faith." (internal citation omitted)).

Defendant's primary objection to Magistrate Judge Parker's award of fees and costs is that she erroneously determined B&N's conduct was not substantially justified. *See* Objection at 9-15. As Magistrate Judge Parker discussed, however, B&N's alleged justification is belied by its failure to address the on point wage and hour case law in this District and, more broadly, its failure to acknowledge that the good faith defense it asserted operated to waive privilege. *See* Compel Opinion at 22. Defendant's other objections to the award largely assume that the Court agrees with it on the underlying waiver questions. Since the Court will not reverse that decision, and indeed, because that decision was correct under the law in this Circuit, Defendant's objections to the fee award also fail.

## CONCLUSION

For the reasons discussed above, Defendant's Objection pursuant to Federal Rule of Civil Procedure 72 to the Orders of Magistrate Judge Parker dated December 23, 2019 and March 5, 2020, are DENIED. Those Orders [ECF #276, 295] are AFFIRMED.

Defendant is ORDERED to produce all wrongly withheld documents by September 4, 2020.

**SO ORDERED.**

Date: **August 26, 2020**   _____
 **New York, NY**                       **MARY KAY VYSKOCIL**
                                         **United States District Judge**