USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY BROWN, et al.,

                Plaintiffs,

-against-

BARNES & NOBLE, INC.,

                Defendant.

1:16-cv-07333 (MKV) (KHP)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      The Court is in receipt of a Notice of Settlement, dated December 30, 2020, informing the Court that the parties have reached a settlement in principle [ECF No. 339]. However, because Plaintiff's Complaint asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, judicial approval is required before settlement. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding that FLSA settlements require the approval of either the district court or the United States Department of Labor). "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No 07-cv-11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010).

      Accordingly, IT IS HEREBY ORDERED that the parties shall provide the Court with a copy of the settlement agreement by January 29, 2021. IT IS FURTHER ORDERED that, by January 29, 2021, the parties shall submit a joint letter to the Court explaining why the proposed settlement reflects a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-cv-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). The letter should

address the plaintiffs' claims and defenses, the defendant's potential monetary exposure and the bases for any such calculations, the strengths and weaknesses of the plaintiffs' case and the defendants' defenses, any other factors that justify the discrepancy between the potential value of plaintiffs' claims and the settlement amount, the litigation and negotiation process, as well as any other issues that might be pertinent to the question of whether the settlement is reasonable (for example, the collectability of any judgment if the case went to trial). The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement Plaintiff's attorney shall be seeking as fees. *Cheeks*, 796 F.3d at 203, 206.

The parties' letter also should address specifically the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Id.* (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form. *Id*. at 206. By January 29, 2021, the Parties also may submit any other materials they believe would assist the Court in evaluating the settlement.

IT IS FURTHER ORDERED that the parties shall appear via teleconference for a fairness hearing on February 19, 2021 at 11:00 AM. The hearing can be accessed by dialing the Court's teleconference line at (888) 278-0296. Enter the access code 5195844 when prompted. All other filing deadlines and appearance dates are adjourned *sine die*.

**SO ORDERED.**

Date:  **January 4, 2021**                           **MARY KAY VYSKOCIL**
       **New York, NY**                            **United States District Judge**