UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KELLY BROWN and TIFFANY STEWART, individually and on behalf of all others similarly situated, as Class/Collective representatives,

   Plaintiffs,

   v.

BARNES & NOBLE, INC.,

   Defendant.
---------------------------------------------------------X

Case No. 16-cv-7333 (MKV) (KHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/26/2021

## ORDER APPROVING SETTLEMENT

   This matter is before the Court on the parties' joint application to approve the parties' settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), to the extent it waives claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Upon review and consideration of the parties' joint application including all accompanying exhibits, the Court approves the settlement. The Court has reviewed and analyzed the settlement. This settlement reflects a fair and reasonable resolution of a *bona fide* dispute concerning the claims of the named plaintiffs and the opt-in plaintiffs (collectively, "Plaintiffs").

   A Court may approve a settlement of FLSA claims where it "reflect[s] a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Babayeva v. Halstead Mgmt. Co., LLC*, No. 16 Civ. 3794, 2018 WL 5997919, at *1 (S.D.N.Y. Nov. 15, 2018) (citation omitted). There are five factors relevant to an assessment of the fairness of an FLSA settlement including: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of

the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting Medley v. Am. Cancer Soc'y*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)) (other citations omitted). The settlement here satisfies these criteria. The Court addresses each of these so-called *Wolinsky* factors below.

The parties' settlement amount reflects a fair compromise reflecting the real risks of continued litigation and an adverse result to either party. The FLSA dispute in this case centered around claims that defendant Barnes & Noble, Inc. ("Defendant") misclassified Plaintiffs as exempt employees when they worked as Café Managers. While Plaintiffs may have recovered more than the settlement amount if they prevailed at trial and through appeals, they could have recovered nothing if they lost on summary judgment or at trial.

Defendant does not admit to liability in connection with the settlement, and the settlement is not evidence that Defendant violated the wage and hour laws with respect to any of the Plaintiffs. The settlement agreement provides for each individual plaintiff to sign a release of all wage and hour claims, as well as all claims that were asserted or could have been asserted against Defendant based on the factual allegations in their individual lawsuits.

The settlement was the result of arm's length negotiations between experienced counsel. There is no evidence of fraud or collusion. The parties litigated this matter for more than four years and had previously tried to resolve the claims in settlement conferences and mediation sessions. While those efforts proved unsuccessful, the Court finds the resolution that the parties have now reached to be fair. There is no likelihood that Plaintiffs' circumstances will recur because Defendant reclassified the Café Manager position to non-exempt and overtime-eligible

status in October 2016.  The settlement also does not contain any restrictive confidentiality provisions and the release is properly limited.

The Court also finds that the attorneys' fees and costs awarded to Plaintiffs' Counsel are fair and reasonable.  This amount was negotiated separately and after Plaintiffs' claims were settled.

The Court APPROVES the parties' settlement and retains jurisdiction to enforce its terms. **The Clerk of Court is respectfully directed to close this case.**

Dated: February 26, 2021

Hon. Katharine H. Parker